JOHN SOUTHWORTH, Respondent, *v.* DAVID SCOFIELD, impleaded, etc., Appellant.

Plaintiff bid off at sheriff's sale on execution certain premises, upon which was a lien by mortgage prior to that of the judgment. Before the expiration of the time for redemption plaintiff purchased and took an assignment of the mortgage and accompanying bond, foreclosed the mortgage and became the purchaser upon sale, under the foreclosure, for a sum less than the amount of the bond and mortgage. He brought action upon the bond to recover the residue. *Held*, that by the purchase at the sheriff's sale plaintiff acquired no title to the premises until the time (fifteen months) allowed for redemption had expired, and incurred no obligation whatever in relation to the mortgage; that he had a perfect right to purchase and take an assignment of the bond and mortgage, and that such purchase did not operate as payment of the bond. Also, that even if plaintiff had become the owner of the equity of redemption, this would at most only have made the land the primary fund for the payment of the mortgage debt; and, if, upon foreclosure and sale the proceeds were insufficient to pay the same, the obligors in the bond would have been liable for the residue.

(Submitted October 4, 1872; decided January term, 1873.)

APPEAL by Henry W. Scofield, one of the defendants, from an order of the General Term of the Supreme Court in the sixth judicial district, reversing a judgment in favor of the defendants, entered on the report of a referee, and granting a 'new trial.

The action was brought to recover the amount of a joint and several bond, bearing date the eleventh day of January, 1862, executed by the defendants to Rosetta Miller and assigned by her to the plaintiff, for the payment of $700.

The complaint alleges the execution of the bond, its transfer to the plaintiff, and that the sum of $635, with interest from the sixth day of May, 1864, remained unpaid thereon.

The bond was accompanied by a mortgage given by defendant, David Scofield, upon his farm.

Defendant, Henry W. Scofield, signed said bond, as surety for said David Scofield.

David Scofield mortgaged the same premises to Abijah Newman, to secure the payment of $613.34, and to Joseph Hare to secure the sum of $500.

Marcus Lyon, on the 25th day of January, 1862, obtained a judgment in his favor against David Scofield, which was a lien on said premises subsequent to said three mortgages.

Execution was issued on said judgment, and David Scofield's equity of redemption sold thereon, at sheriff's sale, to the plaintiff, John Southworth, on the 29th day of January, 1864, for the sum of $1,100.

The sheriff's certificate of sale was duly filed in the clerk's office of the county of Cortland, on the 30th day of January, 1864.

Said premises were worth, at the time of the sale, $3,900.

On the 4th of February, 1864, plaintiff took an assignment of the Rosetta Miller mortgage, and the bond accompanying the same, and on or about the 18th day of March, 1864, took an assignment of the Abijah Newman and Joseph Hare mortgages.

On the 6th day of May, 1864, the plaintiff foreclosed the

said Rosetta Miller mortgage, and became the purchaser of the premises.

No redemption of the land was made within fifteen months after the sheriff's sale.

Further facts appear in the opinion.

The referee found, as conclusions of law:

1st. That when John Southworth purchased the equity of redemption at the sheriff's sale, subject to the mortgages in question, the land became the primary fund for the payment of the said mortgages, and was chargeable therewith; and when plaintiff took an assignment of these mortgages, it was the duty of the plaintiff to discharge the debts for which those mortgages were given.

2d. When the plaintiff, being the purchaser and owner of the equity of redemption taken subject to the prior mortgage, purchased the prior mortgage he thereby paid and discharged the debt for which the mortgage was given.

3d. That the bond on which the action is brought being for the same debt secured by the mortgage, the payment and discharge of said mortgage debt operated as a payment and discharge of the bond also, and, therefore, necessarily defeats this action.

4th. The plaintiff, having paid and discharged the debt when he purchased the mortgage, acquired no title by the assignment thereof, and no property therein which would enable him to maintain a suit at law or in equity.

5th. The law of merger does not apply to this case. The plaintiff, holding no deed from the sheriff under the execution sale, had no title in fact in which a lesser title could merge; and the evidence clearly shows that the plaintiff did not intend to have merger take place; and he thereupon directed judgment to be entered in favor of the defendant Henry W. Scofield, with costs.

The plaintiff in due time excepted to the first, second, third and fourth conclusions of law.

A judgment was entered in conformity with the report.

*M. M. Waters* for the appellants. The land became the primary fund for payment of the mortgage debt. (*McKinstry* v. *Curtis,* 10 Paige, 503; *Russell* v. *Allen,* id., 249; *Cox* v. *Wheeler,* 7 id., 248; *Tice* v. *Aurin,* 2 J. Ch., 125; *Matthews* v. *Akin,* 1 N. Y., 595.) The payment by plaintiff was an extinguishment of the mortgage debt. (*Russell* v. *Porter,* 7 N. Y., 171; *Taylor* v. *Porter,* 7 Mass., 355; *Matthews* v. *Akin,* 2 J. Ch., 125–129; *Cox* v. *Wheeler,* 7 Paige, 248; *Spencer* v. *Exrs. Halford,* 4 Wend., 381; *Wheeler* v. *De Peyster,* 4 Edw. Ch., 232; Story's Eq., § 493, note, and § 499.) Plaintiff's interest was, before the expiration of the time to redeem, an interest in lands, descendible and liable to dower, etc. (3 R. S., 5th ed., 655, §§ 80, 81; Laws 1824, 276; 3 Comst., 294; *Setton* v. *Slade,* 7 Vesey, 272, 274.)

*Arthur Holmes* for the respondent. The bond given by defendants was evidence of the debt; and the mortgage accompanying the same a collateral security, which was exhausted by the foreclosure. (*Lansing* v. *Goelet,* 9 Cow., 349; *Cliff* v. *White,* 2 Kern, 528; *Stoddard* v. *Hart,* 23 N. Y., 559; *Williams* v. *Townsend,* 31 id., 415.) A foreclosure and sale of premises, mortgaged as a collateral security, is not an extinguishment of the debt due on the bond, further than the extent of the money received on the sale. (*Globe Ins. Co.* v. *Lansing,* 5 Cow., 380; *Lansing* v. *Goelet,* 9 id., 346; *Spencer* v. *Harford,* 4 Wend., 381; *Dunkley* v. *Van Buren,* 3 J. Ch., 331; *Hatch* v. *White,* 2 Gall., 132.) The execution sale converts the general judgment lien into a specific lien, which may be defeated within the fifteen months. (*Vaughan* v. *Ely,* 4 Barb., 159; *Catlin* v. *Jackson,* 8 J. R., 520, 550, *Smith* v. *Colvin,* 17 Barb., 157; *Shepard* v. *Rowe,* 14 Wend., 560; *Farmers' Bk of S.* v. *Merchant,* 13 How. Pr., 10; 2 R. S., 373, § 61.) The sheriff's deed retrospects to the time of limitation for redemption only. (*Bissell* v. *Ryan,* 20 J. R., 3; *Evertson* v. *Sawyer,* 2 Wend., 507; *Rich* v. *Baker,* 3 Denio, 7.) It is error to receive parol evidence to change the legal effect of a written instrument. (*Thompson* v.

*Ketchum*, 8 J. R., 192; *Patterson* v. *Hall*, 9 Cow., 747; *Le Farge* v. *Rickett*, 5 Wend., 190.) It was error to admit evidence of the value of the premises covered by the fore-closed mortgage. (*Dana* v. *Fiedler*, 12 N. Y., 40.)

LOTT, Ch. C. The referee properly decided, in his fifth conclusion of law, that the law of merger did not apply to this case, on the ground that the plaintiff, holding no deed from the sheriff under the execution sale, had no title in fact in which a lesser title could merge; and that the evidence clearly showed that the plaintiff did not intend to have merger take place.

The fact that the plaintiff never acquired such *title* is equally conclusive against the other conclusions of law reached by him.

When the plaintiff, on the 29th day of January, 1864, pur-chased David Scofield's equity of redemption at the sheriff's sale under the execution issued upon the Lyon judgment, which was recovered subsequent to the mortgage given to secure the bond in question and the other mortgages referred to in the referee's findings of fact, he did not, by such pur-chase, become the owner thereof. It is expressly provided by 2 R. S., p. 373, § 61, that "the right and title of the per-son, against whom the execution was issued, to any real estate which shall be sold thereby, shall not be divested by such sale until the expiration of fifteen months from the time of such sale." He, consequently, only acquired the right to become such owner at the expiration of that time in any event; and that right was liable to be divested and utterly extinguished in case a redemption was in the mean time made by the judgment debtor, or those entitled by law to make it. He had at most an inchoate interest in the property, and he incurred no obligation whatever in relation to the mortgages thereon by his mere purchase; and he was at perfect liberty to treat with the holders of those mortgages, and to take assignments thereof, with power to collect the same, and without prejudice to the right he had acquired under and by

virtue of the sheriff's sale. That sale undoubtedly was made subject to the mortgages; and the plaintiff, as the referee finds, must, with knowledge of their existence, have "intended to bid off the place subject thereto." But whether that was or not his intention, the legal effect of the purchase was to leave the mortgage liens unaffected and his rights subordinate thereto.

Having thus obtained the right of acquiring the title to the equity of redemption at a future period, if the premises were not previously redeemed, he, as he had an unquestionable right to do, within a month after his said purchase took an assignment of the Rosetta Miller mortgage and the bond accompanying it, and within two months thereafter of the other two mortgages. After he became the assignee of the Rosetta Miller mortgage he proceeded to foreclose it, and became the purchaser of the mortgaged premises under those proceedings. By that purchase, which took place on the sixth day of May, 1864, he became the owner of the property. Its effect was to entitle the obligor in the bond, secured by that mortgage, to a credit thereon to the amount of the excess of the proceeds of the sale over the costs of the proceedings, and to leave it still in force for the balance.

It does not appear by the referee's report for what the property sold; and it cannot be assumed that the amount realized was sufficient to discharge the whole amount payable by the bond, and I find, by reference to the evidence, that it was not; but, on the contrary, that there still remained a larger amount due than was claimed by the plaintiff in his complaint.

I may add that if the plaintiff had in fact become the owner of the equity of redemption, and had actually title thereto, subject to the said mortgages, that would, at most, have made the land the primary fund for the payment of the mortgage debt; and if that had been sold, and the proceeds arising therefrom were insufficient to discharge the debt, the obligors would still have been liable on the bond for the deficiency.

There is, therefore, in any aspect of the case, no ground for the judgment ordered by the referee. Having reached this conclusion, it is unnecessary to consider the exceptions taken to the admission of evidence.

It may be proper to notice a point made by the appellants' counsel, that the foreclosure sale was a nullity, and it is sufficient to say that no such question is raised or decided by the referee; but, on the contrary, his report assumes, in his thirteenth finding of fact, that it was a valid sale.

It follows that the order of the General Term, reversing the judgment and granting a new trial, was right and must be affirmed, with costs, and that judgment absolute must, under the appellant's stipulation, be entered against him, with costs.

All concur.

Order affirmed and judgment accordingly.