MICHAEL BARRETT, Respondent, *v.* J. FLOYD SMITH and JAMES S. HALL, Appellants.

APPEAL by the defendants from a judgment rendered in favor of the plaintiff in the Municipal Court of the city of New York, fourth district, borough of Manhattan.

A. Morris, for appellants.

L. W. Harburger, for respondent.

GREENBAUM, J. This action is brought in form for money had and received. The plaintiff seeks to recover the sum of $160, being the amount of four months' rent voluntarily paid by him to the defendants for the occupancy of a soda water stand in front of defendants' premises, "outside of the house line and within the stoop line."

The theory of plaintiff's claim, is, that a city ordinance passed in 1899 prohibits a licensee of the city, to whom the privi-

lege of maintaining a stand is given, from " paying rent or other compensation to the owner or occupant of the premises where such stand shall be located."

Judgment was rendered in favor of the plaintiff for the full amount claimed.

Aside from other considerations that might be urged for reversing the judgment, it will be sufficient here to base a reversal upon either of the following grounds:

*First.* There is no proof of the partnership of defendants.

*Second.* It affirmatively appears that no permit or license for a stand was ever issued to the plaintiff.

*Third.* If a permit or license had been granted, and assuming that the payment and collection of rent were unlawful acts, then would the parties stand *in pari delicto* before the court, and no recovery permitted. Knowlton v. Congress & Empire Spring Co., 57 N. Y. 518.

*Fourth.* There is no proof of the existence of the ordinance in question and judicial notice of it cannot be taken. Porter v. Waring, 69 N. Y. 250.

Judgment reversed, new trial ordered, with costs to appellants to abide the event.

FREEDMAN, P. J., and GIEGERICH, J., concur.

Judgment reversed and new trial ordered with costs to appellant to abide event.