Palmer *v.* Aldridge.

---

## PALMER *vs.* ALDRIDGE.

The peaceable and exclusive possession of land is sufficient to enable a party to maintain trespass against a wrongdoer, *it seems.*

The question whether a superintendent of repairs upon the canals has authority to confer upon another the right to deposit stone upon lands appropriated for the Erie canal, and belonging to the state, depends upon the 55th, 56th and 67th regulations of the canal board. And where a cause turned upon the nature and effect of those regulations, but the same had

not been incorporated into the case, the court held that it could not take judicial notice of such regulations, nor intend that they were before the court and jury; and therefore ordered a new trial.

THIS action was originally commenced in a justice's court. The defendant, in his answer to the complaint, set forth matter showing that the title to land would come in question on the trial before the justice. The defendant having given the proper undertaking and complied with the statute in such case made and provided, the action was discontinued before the justice and commenced in this court by the deposit of a summons and complaint with the justice. The complaint was for trespass on lands. The answer denied the complaint and set up special matters of defense. The reply denied the new matter in the answer. The cause was brought to trial at a circuit court held in the county of Herkimer, on the 9th day of April, 1851, F. W. Hubbard, justice, presiding. A verdict was rendered by the jury, for the defendant, and judgment was entered up for the defendant, for $38,75 costs. From this judgment the plaintiff brought this appeal.

*S. Earl*, for the appellant.

*C. A. Burton*, for the respondent.

*By the Court*, GRIDLEY, J. The plaintiff brought an action in the supreme court against the defendant, and declared against him for unlawfully and wrongfully entering on his premises; and then and there taking down, removing, breaking and injuring a fence, belonging to the plaintiff, and in his occupation. The defendant denied each allegation in the complaint; and further pleaded, that the premises in question were the property of the state, being a part of the lands appropriated for the Erie canals; and that he had, by permission of the superintendent of repairs, before that time deposited a quantity of stone upon the said premises; that the plaintiff had wrongfully erected the said fence upon the towing path and around the said stone; and that, in order to remove the said stone the defendant had taken

down the fence and removed it, doing no unnecessary damage thereto. To this answer the plaintiff replied, denying that the said premises were the property of the state; and alleging that it was immaterial who was the owner of the land, inasmuch as he was at the time of the commission of the said trespasses and for a long time had been in the actual possession of the same; that the stone were so deposited for the private use of the defendant; and before they were so deposited, the plaintiff had forbidden the defendant to deposit them there; that the superintendent of repairs did not give the defendant permission to deposit the stone there, and had no authority to do so; and that he enclosed the land with a fence, for the purpose of cultivating it.

On the trial of the cause, the plaintiff gave general evidence of possession in himself and those under whom he claimed, for near twenty years; and that the plaintiff had plowed the land in the fall of 1838, but did not plant it, because he could not get timber to fence it, and it lay uninclosed till after the stone were placed upon it; that one of the former owners had a barn on the identical spot where the stone were laid. He then gave evidence of the removal of the fence, and rested. The defendant then proved the map of the Erie canal, which is made *presumptive evidence* of the title of the state, to all lands designated thereon as such, by which it appeared that the lands in question were the property of the state. The defendant then offered to show that the superintendent gave him a verbal permission to deposit the stone on the exact spot where he placed them, and a written permission to travel on the towing path, to and from his farm, as is shown in the diagram annexed to the case. Whereupon the counsel for the plaintiff objected to the evidence, on the ground that the superintendent had no legal right or power to grant such permission. The justice overruled the objection, and decided that such permission was sufficient to connect the defendant with the title of the state, in the said lands. To which ruling the plaintiff excepted. The plaintiff then, subject to such objection, admitted the truth of the matters so offered to be proved.

I. The first ground on which the plaintiff claims a new trial

Palmer *v.* Aldridge.

is, that the evidence given by him was sufficient to repel the presumption of title in the state, created by the map. This question however does not legitimately arise, on this case. The fact that the state was the owner of the premises in question seems to have been assumed both by the court and counsel, after the map was put in evidence. The counsel did not raise the question, and the judge did not pass upon it. We do not say but that there was evidence enough to have been submitted to the jury, under proper instructions; but *that* the judge was not requested to do. The statute makes the map *presumptive* evidence of the title of the state; but that presumption *may be overthrown*, and we do not choose to anticipate an opinion, much less a decision, as to how much evidence, or what kind of evidence, is sufficient to overcome it. The question is already before the court in another case, and will ultimately have to be decided.

II. The fact of the *exclusive possession* of the plaintiff seems also to have been conceded and assumed; and the objection to the evidence offered, founded on the want of power in the superintendent to give the permission to deposit the stone on the premises, was overruled. Granting that the plaintiff had peaceable and exclusive possession of the premises, *that possession* probably gave him a right of action against a wrongdoer. (3 *Bur.* 1563. 2 *John.* 22. 4 *Id.* 211. 7 *Barb.* 621.) The next question is, whether the superintendent had any power to confer on the defendant the right to deposit the stone on the lands in question. The powers of this officer, (so far as they are defined by the statute,) are prescribed in the sixth article of the ninth title of the ninth chapter of the first part of the revised statutes. (1 *R. S.* 236, §§ 116, 117, (100, 101.)) The first of these sections declares generally that the duty of these officers is, under the direction of the canal commissioners, to keep in repair such portions of the canal and works connected therewith as shall be committed to their charge; to make all necessary contracts, for that purpose, and faithfully to expend the moneys placed in their hands. This section was amended in one respect by the 11th section of the act of 1847. (*Laws*

Palmer *v.* Aldridge.

*of* 1847, *p.* 314. *People* v. *Benton,* 7 *Barb.* 208.) The next section provides that these officers shall be under the direction of the canal commissioners, and especially of the acting commissioner of the section on which the superintendent is employed. By section 9 of the second article of the same title and chapter, the general care and superintendence of the canals are committed to the canal commissioners. And by the 25th section of the same article, (1 *R. S.* 222,) the canal commissioners are authorized to make rules and regulations in relation to all matters connected with the navigation of the canals. These powers were afterwards (*by the laws of* 1838, *chap.* 21) conferred on the canal board. And it is by virtue of the powers conferred on the superintendent by the 55th, 56th and 67th regulations of the canal board that the argument of the defendant's counsel is based. But, unfortunately, these regulations do not appear in the case. It was indeed stated on the argument that they were admitted and used on the trial; but they are not incorporated into the case, and we cannot take judicial notice of these regulations. A provision is made in the 37th section of the act before cited, (1 *R. S.* 222, § 27,) by which all rules and regulations in relation to the management and navigation of the canals shall be filed in the office of the comptroller, and that a copy thereof, certified under his hand, and seal of office, shall be received in all courts of law as due proof of such rules and regulations. These regulations should therefore have been inserted in the case. This not having been done, we cannot intend that they were before the court and jury; and we cannot determine whether they conferred the power and discretion exercised in this case, or not. For this reason we order a new trial.

[ONEIDA GENERAL TERM, January 5, 1852. *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]