THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAM LANGDON and Others, Appellants, v. WILLIAM DALTON, Commissioner of Water Supply for the City of New York, and JAMES MOFFETT, Deputy Commissioner for Brooklyn, Respondents.

*Peremptory mandamus — opposing affidavits assumed to be true — judicial notice not taken of civil service rules — competitive positions made non-competitive by reclassification.*

Upon a motion for a peremptory writ of mandamus the statements contained in the opposing affidavits must be taken as true.

The court cannot take judicial notice of the rules and regulations prescribed by the civil service commission of the city of New York, as authorized by chapter 186 of the Laws of 1898.

Where the affidavits used in opposition to a motion to compel the reinstatement of the relators in the position of "stream cleaners" in the water department of the city of New York from which they claimed to have been wrongfully removed, allege that the position in question, which was formerly competitive, was reclassified pursuant to the rules and regulations prescribed by the civil service commission of the city of New York, as authorized by chapter 186 of the Laws of 1898, and that upon such reclassification, the position was

placed in the non-competitive schedule and that the relators became subject to removal in the manner in which they were removed, which allegations are denied by the affidavits of the relators, the court will, where the rules and regulations are not returned to it, presume that the reclassification, which is judicial in its nature, and the removal thereunder, were proper.

APPEAL by the relators, Abram Langdon and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 19th day of October, 1899, denying their motion that a peremptory writ of mandamus issue directed to the defendants, commanding them to reinstate the relators as " stream cleaners " in the department of water supply of the borough of Queens.

*George Wallace,* for the appellants.

*William J. Carr,* for the respondents.

HATCH, J. :

It is not denied that the relators were appointed to the position of " stream cleaners " after having passed a competitive civil service examination.  Presumptively, the relators became entitled to retain such position until the same was legally abolished, or they were removed therefrom for cause shown, after a notice to them entitling them to be heard.  An examination of the civil service rules, regulations and classifications made by the civil service commission of the city of Brooklyn prior to 1898, would seem to establish that the position of " stream cleaner " was an entirely different position from " cleaners, men," and " cleaners, women," found classified in " Appendix C, positions in Schedule D."  The former are classified in " Schedule B," and are subject to competitive examination ; the latter in " Schedule D," and are not subject to competitive examination.  It is claimed by the defendants that these positions were, after the passage of chapter 186 of the Laws of 1898, reclassified, pursuant to the rules and regulations prescribed by the civil service commission of the city of New York, as authorized by law, and that the same were duly approved by the mayor of such city ; that upon such reclassification the positions were placed in the non-competitive schedule, and that the relators, therefore, became subject to removal in the manner and form in which they were removed.

This position is supported by the affidavits submitted by the defendants. The contrary is asserted by the affidavits submitted by the relators. This is all the information which we have. The rules and regulations themselves are not returned and do not form a part of the record; they are, therefore, not before us for examination. If any presumption is to obtain it is in favor of the act of the defendants. As it appears that they are public officials, until the contrary appears, we must assume that they obeyed the law. It is true that the act of classification, pursuant to the terms of the statute, is a judicial act. (*People ex rel. Terry* v. *Keller*, 158 N. Y. 187.) But how are we to say that the act is contrary to law until we know what the act is? There is no authority which permits the court to take judicial notice of the rules and regulations of the commissioners; on the contrary, the authority is against it. (*Palmer* v. *Aldridge*, 16 Barb. 131; *Porter* v. *Waring*, 69 N. Y. 250.) Instead of taking judicial notice that the act is unlawful, we must accept the statement of the opposing affidavits in answer to a writ for peremptory mandamus. (*People ex rel. Corrigan* v. *Mayor*, 149 N. Y. 215.) It may be that the effect of each affidavit is simply to assert or deny a proposition of law. But this court seems to be helpless when nothing is made to appear from which the court may determine what the law is. The burden is upon the relators to show affirmatively that they are entitled to relief, and in this they fail.

We have so far availed ourselves, however, of what we suppose to be the regulations of the commissioners as to create a doubt of the classification of the relators in the non-competitive schedule, and of the power of the commissioners so to do in the particular case. It may be, therefore, that the relators, upon proper proof, can show themselves entitled to relief.

This consideration induces us to affirm the order, without prejudice to relators' rights to institute another proceeding, and without costs of this appeal.

All concurred.

Order affirmed, without costs and without prejudice to relators' rights to institute another proceeding.