to call a halt, and to notify the cestuis que trustent. The plaintiff should have made a case which would show that, if the bank possessed a proper sense of the obligations of common honesty, it violated that sense in honoring the trustee's orders, or those of his attorney, upon the deposits they had made. The plaintiff made no such case.

---

PEOPLE ex rel. LANGDON et al. v. DALTON et al.

(Supreme Court, Appellate Division, Second Department. December 5, 1899.)

1. ACT OF PUBLIC OFFICIALS—PRESUMPTION.
    The presumption is in favor of the acts of public officials, and, until the contrary appears, it will be assumed that they have obeyed the law.
2. JUDICIAL NOTICE—CIVIL SERVICE RULES.
    Judicial notice will not be taken of the rules and regulations of the civil service commissioners of the city of New York, prescribed in accordance with the civil service law.
3. MANDAMUS—MOTION FOR PEREMPTORY WRIT—OPPOSING AFFIDAVITS.
    On a motion for a peremptory writ of mandamus, the statements of opposing affidavits on a disputed question of fact will be taken to be true.

Appeal from special term, Queens county.

Application for mandamus by the people, on the relation of Abram Langdon and others, against William Dalton, commissioner of water supply for the city of New York, and James Moffett, deputy commissioner for Brooklyn. From an order denying a motion for a peremptory writ, relators appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George Wallace, for appellants.
William J. Carr, for respondents.

HATCH, J. It is not denied that the relators were appointed to the position of "stream cleaners," after having passed a competitive civil service examination. Presumptively, the relators became entitled to retain such position until the same was legally abolished, or they were removed therefrom, for cause shown, after a notice to them entitling them to be heard. An examination of the civil service rules, regulations, and classifications made by the civil service commission of the city of Brooklyn prior to 1898 would seem to establish that the position of "stream cleaner" was an entirely different position from "cleaners, men," and "cleaners, women," found classified in "Appendix C, positions in Schedule D." The former are classified in Schedule B, and are subject to competitive examination; the latter, in Schedule D, and are not subject to competitive examination. It is claimed by the defendants that these positions were, after the passage of chapter 186 of the Laws of 1898, reclassified, pursuant to the rules and regulations prescribed by the civil service commission of the city of New York, as authorized by law, and that the same were duly approved by the mayor of such city; that upon such reclassification the positions were placed in the noncompetitive schedule; and that the relators therefore be-

came subject to removal in the manner and form in which they were removed. This position is supported by the affidavits submitted by the defendants. The contrary is asserted by the affidavits submitted by the relators. This is all the information which we have. The rules and regulations themselves are not returned, and do not form a part of the record. They are therefore not before us for examination. If any presumption is to obtain, it is in favor of the act of the defendants. As it appears that they are public officials, until the contrary appears we must assume that they obeyed the law. It is true that the act of classification pursuant to the terms of the statute is a judicial act. People v. Keller, 158 N. Y. 187, 52 N. E. 1107. But how are we to say that the act is contrary to law, until we know what the act is? There is no authority which permits the court to take judicial notice of the rules and regulations of the commissioners. On the contrary, the authority is against it. Palmer v. Aldridge, 16 Barb. 131; Porter v. Waring, 69 N. Y. 250. Instead of taking judicial notice that the act is unlawful, we must accept the statement of the opposing affidavits in answer to a writ for peremptory mandamus. People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554. It may be that the effect of each affidavit is simply to assert or deny a proposition of law. But this court seems to be helpless when nothing is made to appear from which the court may determine what the law is. The burden is upon the relators to show affirmatively that they are entitled to relief, and in this they fail. We have so far availed ourselves, however, of what we suppose to be the regulations of the commissioners, as to create a doubt of the classification of the relators in the noncompetitive schedule, and of the power of the commissioners so to do in the particular case. It may be, therefore, that the relators, upon proper proof, can show themselves entitled to relief.

This consideration induces us to affirm the order, without prejudice to relators' rights to institute another proceeding, and without costs of this appeal. All concur.