## STATE v. GEORGE W. ALLYN.[1]

### October 14, 1921.

### No. 22,577.

**Minimum wage order — judicial notice not taken.**
1. Chapter 547, Laws of 1913, providing for the appointment of a Minimum Wage Commission and investigation of wages of women and minors and the making of an order fixing a minimum wage by it, considered and *held* that a copy of such order must be mailed to each employer affected, so far as practicable, before the order becomes effective. Courts will not take judicial notice of such orders.

**When such order is admissible in evidence.**
2. To render the orders admissible in evidence, compliance with the provisions of section 6 must be shown.

**Person of ordinary ability — exclusion of evidence error.**
3. Chapter 547 delegates no power to the Minimum Wage Commission authorizing it to determine and define who shall be deemed persons of ordinary ability, but leaves that question open for the courts. It was error to exclude testimony as to whether the complainant, a minor, was a person of ordinary ability.

Action in the municipal court of Mankato. The charge against defendant will be found at the beginning of the opinion. The case was tried before Goff, J., and a jury which found defendant guilty. From an order denying his motion for a new trial, defendant appealed. Reversed.

[1]Reported in 184 N. W. 787.

*Thomas Jefferson McDermott* and *C. J. Laurisch,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *C. E. Phillips,* County Attorney, for respondent.

QUINN, J.

This action was instituted under chapter 547, p. 789, General Laws of Minnesota for 1913 in the municipal court of the city of Mankato. The complaint charged defendant with having employed a minor of ordinary ability as a clerk in the mercantile business at a weekly wage of less than $10.25, at Madison Lake, a village of less than 5,000 inhabitants, contrary to an order of the Minimum Wage Commission, designated as order No. 10, and against the form of the statute in such case made and provided. The cause was tried to a jury, a verdict returned against the defendant and from an order denying his motion for a new trial this appeal was taken.

Chapter 547 created and established a commission known as the Minimum Wage Commission, consisting of three persons, of whom the commissioner of labor shall be chairman, the Governor to appoint two others, one of whom shall be an employer of women and the third a woman who shall act as secretary. This statute provides for an investigation, by the commission, of wages paid to women and minors and the making of an order fixing a minimum wage. Section 6, p. 790, provides that: "The commission shall then issue an order, to be effective thirty days thereafter, making the wages thus determined the minimum wages in said occupation throughout the state. * * * A copy of said order shall be mailed, so far as practicable, to each employer affected; and each such employer shall be required to post such a reasonable number of copies as the commission may determine in each building or other work place in which affected workers are employed. The original order shall be filed with the commissioner of labor."

On July 5, 1919, the commission issued order No. 10, fixing the minimum wages for women and minors of ordinary ability in any occupation working not to exceed 48 hours per week, at or in any place other than a city, village or borough having 5,000 or more inhabitants

in the sum of $10.25 per week, to take effect and be in force on and after August 5, 1919. On the same day the commission adopted order No. 11, which defines learners and apprentices, fixes a minimum wage for the first three months, a higher wage for the second three months and a still higher wage for the third three months, and then attempts to provide that thereafter such learner or apprentice shall be deemed a worker of ordinary ability.

Upon the trial copies of the orders referred to were placed in evidence by the prosecution, but no proof as to any investigation or other acts of the commission was offered. There was no showing that such orders were ever published or copies thereof mailed to parties affected thereby. Defendant offered proof that he had never received copies of either of such orders or heard of the same either by mail or otherwise. These offers were objected to and excluded. Without notice of such orders an employer could hardly know of the wages thus established, much less post copies thereof in his place of business. While the law presumes that public officials properly perform their official acts in connection with their duties, yet such presumption may be rebutted by competent proof. The presumption of due receipt of a letter may be rebutted by evidence that it was not in fact received. 16 Cyc. 1070. The proof should have been received.

. The purpose of the statute seems clear. No other mode of publication is provided for. The order when considered in connection with the statute amounts in effect to a penal law. To enforce such an order without notice would be to subject every employer to prosecution though innocent of any intent to evade the law. Such was not the intent of the legislature. We hold that under this statute the orders referred to do not become effective until 30 days after issue by the commission and the mailing of copies thereof, so far as practicable, to the employers affected. To render the orders admissible in evidence, compliance with the provisions of section 6 must be affirmatively shown. Courts will not take judicial notice of such orders. It then becomes the duty of such employer to post copies thereof as determined by the commission. The statute is mandatory as to the mailing and posting of copies of such orders.

The statute is silent as to the power of the commission to determine and define who shall be deemed workers of ordinary ability. It leaves those matters for the courts, especially in a criminal proceeding like this. It was therefore error on the part of the trial court to exclude the testimony bearing upon that phase of the case. For these reasons a new trial should be granted.

Reversed.