[No. 18315.   Department One.   March 18, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v.
A. G. SCHMIDT *et al., Appellants.*[1]

EVIDENCE (16)—JUDICIAL NOTICE—ADMINISTRATIVE RULES AND
REGULATIONS. The courts will not take judicial notice of the rules
and regulations promulgated by the state fisheries board where
they were not of common and general knowledge and were not
well established and authoritatively settled.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered April 16, 1923, upon
a trial and conviction of violating the fishing laws.
Reversed.

*Van C. Griffin,* for appellants.
*John I. O'Phelan* and *A. D. Gillies,* for respondent.

MACKINTOSH, J.—The appellants were convicted of
the misdemeanor of fishing for salmon with a purse
seine in the Pacific ocean within three miles of the
shore of Pacific county, the information charging that
the defendants violated ''the rules, orders and regula-
tions of the state fisheries board.''   The defendants
demurred to the information, and at the end of the
state's case, demurred to the evidence and moved that
the action be dismissed and that a verdict of not guilty
be directed, and have preserved their exception to the
court's having taken judicial notice of the rules, orders
and regulations of the state fisheries board, they not
having been pleaded or proved.

The only error necessary for consideration is that
the court was in error in taking judicial notice of the
rules and regulations of the state fisheries board. This
court, in *Vail v. Seaborg,* 120 Wash. 126, 207 Pac. 15,

[1]Reported in 223 Pac. 1057.

held that a delegation by the legislature to the state fisheries board of the right to promulgate rules and regulations governing the taking of food fish was proper. The question is whether the court can take judicial notice of the rules and regulations promulgated by the state fisheries board in pursuance of this authority, or whether they should be pleaded and proof made of their existence.

Authorities are cited by the appellants to the effect that state courts will not take judicial notice of the existence of rules, orders and regulations of state executive officers, commissions, departments and boards, and of the ordinances of municipalities. *Josh v. Marshall,* 33 App. Div. 77, 53 N. Y. Supp. 419; *Stephens v. Anderson,* 75 Fla. 575, 79 South. 205; *Childs v. State,* 16 Ala. App. 392, 78 South. 308; *State v. Kusick,* 148 Minn. 1, 180 N. W. 1021; *Oliver v. State,* 16 Ala. App. 533, 79 South. 313; *People ex rel. Langdon v. Dalton,* 46 App. Div. 264, 61 N. Y. Supp. 263; *State v. Allyn,* 150 Minn. 1, 184 N. W. 787, 20 A. L. R. 316. To the contrary have been cited decisions holding that Federal courts will take judicial notice of Federal rules and regulations. This was the holding in *Jones v. United States,* 137 U. S. 202, 11 Sup. Ct. Rep. 80. In *Caha v. United States,* 152 U. S. 221, the supreme court of the United States established the rule which it made applicable in Federal courts. So far as our investigation goes, no state court has ever laid down a similar rule as to judicial notice by state courts of rules, orders, regulations and ordinances of state executive officers, commissions, departments and boards, or of the ordinances of municipalities. Nor has the case of *Caha v. United States, supra,* escaped criticism even in the Federal courts, for we find in *Nagle v. United States,* 145 Fed. 302, the circuit court of appeals for the second circuit, saying:

"Reference is made to the regulations of the post office, and some sections thereof are printed in the brief, but none of them are set forth in the record. The decisions of the supreme court on the subject of judicial notice of such rules and regulations are not entirely uniform. *Caha v. United States*, 152 U. S. 221, . . . The *E. A. Packer*, 140 U. S. 367. . . . Where there is some question of statute law, where the court can itself by reference to books with which it is familiar, and which each judge possesses, determine just what statutory provisions were in force at a given date, there is no necessity for encumbering the record with them. But it is different with department regulations. No department ever sends its compilation of regulations to the judges. They are frequently amended, and, without special information from the department, no one can tell whether a particular regulation in some printed compilation was in force a year later. It is grossly unfair to a trial judge to cite some regulation upon a brief on appeal which was not laid before him on the trial. We have no doubt that it is far better practice to read any special regulations which may be relied upon into the record before the trial court. It is a hopeless task for an appellate court to determine what such regulations were at any particular time."

In *The Clara*, 55 Fed. 1021; *The H. B. Rawson*, 162 Fed. 312, and the *E. A. Packer*, 140 U. S. 367, courts of admiralty refused to take judicial notice of the rules and regulations of the supervising inspector and lighthouse boards, so that we find the Federal courts are not in entire accord on this subject, and recognizing that it is very dangerous and unsound procedure to allow courts to take judicial notice of such matters, and especially so in these later years when executive departments, commissions, boards and officers are so rapidly increasing and the volume of their rules and regulations has become so bulky and yet so ephemeral.

The text-books refer to the decision of this court in

*Whitney v. Spratt,* 25 Wash. 62, 64 Pac. 919, 87 Am. St. 738, and the case of *Wabash R. Co. v. Campbell,* 219 Ill. 312, 76 N. E. 346, as the isolated instances in which state courts will take judicial notice of Federal rules and regulations. The decision in the *Whitney* case on this point consists merely of a bald statement in two lines that "courts will take judicial notice of the rules and decisions of the land department," citing the case of *Caha v. United States, supra.* No discussion of the matter is engaged in and it seems to be rather an anomaly in the law. This court, in *Clements v. Cook,* 112 Wash. 217, 191 Pac. 874, also without discussion or citation of any authorities, took judicial notice of the prices fixed by a Federal war industries board.

These two cases seem to make an exception to the general rule which we will not extend beyond the facts appearing in those cases; viz.: that courts of this state may take judicial notice of such Federal rules, orders and regulations as may be said by long existence or widespread and acknowledged notoriety to be, or ought to be, generally known within the limits of their jurisdiction. Or, stated differently, the rules, orders and regulations judicially noted must be of common and general knowledge, must be well established and authoritatively settled, not doubtful or uncertain, and known in the jurisdiction covered by the court. The rules, orders and regulations claimed to have been violated in the instant case do not meet the test and the court could not take judicial cognizance of them. Nothing appears in *Seattle v. Pearson,* 15 Wash. 575, 46 Pac. 1053; *Spokane v. Griffith,* 49 Wash. 293, 95 Pac. 84, or *Spokane v. Knight,* 96 Wash. 403, 165 Pac. 105, contrary to the rule we have now announced. Those cases held that where a prosecution is begun in a municipal court under a city ordinance, and the case is appealed to the superior court, that by reason of the

fact that the municipal court should take judicial notice of the terms of the ordinance, that, on appeal, the superior court should also take the same notice. As was said in *Spokane v. Knight, supra:*

"That court [the municipal] was required to take notice of the ordinance, and the superior court, being a court of appellate jurisdiction in this particular case, was also required to take notice of the ordinance."

The rule is laid down in 1 Dillon on Municipal Corporations (4th ed.), § 413, as follows:

"The courts, unless they are the courts of the municipality, *do not judicially notice the ordinances* of a municipal corporation, unless directed by charter or statute to do so."

The court, therefore, was in error in taking judicial notice of §§ 17 and 22 of Order No. 1 of the state fisheries board for the year 1922. The judgment is reversed and the action dismissed.

MAIN, C. J., HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.