In the Matter of the Application of CLARENCE E. TOWNLEY, Petitioner, for an Order of Review against HENRY E. BRUCKMAN, and Others, Constituting the New York State Liquor Authority, and Others, Respondents.

Supreme Court, Oneida County, July 14, 1938.

*Nicholas G. Powers*, for the petitioner.

*Francis V. McHugh* [*Monroe I. Katcher, II*, of counsel], for the respondents.

CROSS, J. In this proceeding, petitioner, pursuant to article 78 of the Civil Practice Act, seeks to review the action of the State Liquor Authority in revoking his license for violation of a rule of the Oneida County Alcoholic Beverage Control Board restricting hours of sale of liquor at retail. The State Liquor Authority revoked petitioner's license after a hearing upon regular charges, at which petitioner was given an opportunity to be heard, as provided in section 119 of the Alcoholic Beverage Control Law.

The grounds upon which the application is made are (1) that the proceedings of the defendants were without warrant in law (2) that the said hearing was not a due nor fair trial of the said questions.

As provided by section 1291 of the Civil Practice Act, respondents served upon petitioner and filed with the clerk of the court their verified answer to the petition and affidavit containing proper denials and pertinent and material facts showing the alleged grounds of the action taken by respondents, and annexed to the answer a certified transcript of the record of the proceedings subject to review. Petitioner has not filed a reply as permitted by section 1292 of the Civil Practice Act. The hearing was had on the following charge:

" 1: That said licensee violated section 106, subdivision 5 of the Alcoholic Beverage Control Law and Rule #5 of the rules of the State Liquor Authority in that he sold, permitted to be sold, offered for sale or gave away upon the licensed premises alcoholic beverages during the hours prohibited by the rules duly promulgated by the Oneida County Alcoholic Beverage Control Board, to wit: on January 22, 1938; on January 23, 1938; on January 30, 1938; on February 12, 1938; on February 13, 1938."

Therefore, the first question confronting the court here, is whether the issues in the proceeding call for a transfer to the Appellate Division under the recently-enacted article 78 of the Civil Practice Act (Laws of 1937, chap. 526, effective September 1, 1937).

Section 1296 of the Civil Practice Act provides as follows:

" Questions for determination; when hearing before Appellate Division. In a proceeding under this article, the questions involving the merits to be determined upon the hearing are the following only:

1. Whether the respondent failed to perform a duty specifically enjoined upon him by law.

2. Whether the respondent, if a body or officer exercising judicial or quasi-judicial functions, is proceeding or is about to proceed without or in excess of jurisdiction.

3. Whether the respondent, if a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, had jurisdiction of the subject matter of a determination under review.

4. Whether the authority conferred upon the respondent in relation to that subject matter has been pursued in the mode required by law in order to authorize him to make the determination.

5. Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the petitioner.

Where the determination under review was made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction, the following questions shall also be determined.

6. Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination.

7. If there was such proof, whether, upon all the evidence, there was such a preponderance of proof against the existence of any of those facts that the verdict of a jury, affirming the existence thereof, rendered in an action in the supreme court, triable by a jury, would be set aside by the court as against the weight of evidence.

*Where only one or more of the first five issues are raised, the court to which the application for relief is made shall itself dispose of the cause on the merits. Where one of the other two issues is raised, the court shall make an order directing that the proceedings be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding is instituted.* The court may, however, even in such a case, itself pass on objections to the petition in point of law, and it shall dismiss the proceeding on the merits where it appears that the petitioner is not entitled to relief because of the provisions of section twelve hundred and eighty-five or section twelve hundred and eighty-six of this article."

The petition analyzed in the light of section 1296 of the Civil Practice Act, raises the question: " Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination."

The petition itself, squarely raises the question of a fair trial. The gravamen of the charge is that petitioner violated a rule of the Oneida County Alcoholic Beverage Control Board relating to prohibited hours for sale of retail liquor.

Certain requirements are implicit in a fair trial of a proceeding such as this. These requirements are succinctly stated in the following quoted language by EDGCOMB, J. writing for an unanimous court in *Matter of Yates* v. *Mulrooney* (245 App. Div. 146, at p. 149): "Hearsay testimony is barred in New York State; there must be substantial common-law evidence of probative character to sustain the finding of the Liquor Authority, or else its decision will be set aside by the court. The weight of the evidence is not for the court, but its presence is absolutely necessary. A finding without some evidence of probative value would be arbitrary and baseless. (*Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435, 440, 441; *Interstate Commerce Commission* v. *L. & N. R. R. Co.*, 227 U. S. 88, 91.)"

A fair trial is the antithesis of an arbitrary trial. A trial which proceeds to a conclusion resulting in a quasi-judicial determination depriving petitioner of legal rights, can well be said to be unfair if the determination is necessarily based on a finding of fact which is not supported by common-law proof of a probative character.

The record here attempts to supply that proof, on a pivotal proposition, by testimony presented in terms of legal conclusion as to what are "legal hours of sale in Oneida County."

The petition here draws the record of the hearing into court. The petition, hearing and record thereon, create the question raised by the statute as to "Whether there was any competent proof of all facts necessary to be proved in order to authorize the making of the determination." (Civ. Prac. Act, § 1296.) This question which the petition raises, when read with the statute, involves the determination whether there was due proof of a validly enacted rule of the Oneida County Alcoholic Beverage Control Board which prohibited the sale or gift of liquor during the hours and days material to this inquiry. The public statute of the State does not prohibit sale of liquor during the hours complained of here. Was there any competent proof upon the hearing of a rule which legally prohibited the conduct of petitioner resulting in the revocation of his license? As I read the statute, that question is involved in the quoted question (*supra*), which must be transferred for decision to the Appellate Division.

This rule of law was clearly stated in a certiorari proceeding in the second department in 1915 in the case of *People ex rel. Browdy* v. *McDermott* (169 App. Div. 755), wherein Justice CARR stated: "No 'rules' or 'regulations' were produced at the hearing, and none are set forth in the return to the writ of certiorari. There was no charge that the relator had ceased to do business as a master plumber, or that he had ceased to hold a certificate from the examining

board of plumbers as specified in section 415, as aforesaid. Apparently, the superintendent of buildings was proceeding upon the theory that the relator had violated the ' rules and regulations for the plumbing or drainage' ; if so, then it was necessary to produce these ' rules and regulations ' in evidence, and to make return of them, at least in their material portions, to the writ of certiorari. The ' rules ' were authorized by statute, but were not created by statute expressly. Like municipal ordinances, and regulations of a cognate nature, the courts do not take judicial notice of their existence or provisions. Hence, the proceedings, if depending upon a violation of the rules, are defective, fatally, through the failure to prove the rules which are charged to have been violated."

To the same effect are: *Josh* v. *Marshall* (33 App. Div. 77); *Palmer* v. *Aldridge* (16 Barb. 131); *People ex rel. Langdon* v. *Dalton* (46 App. Div. 264); *Porter* v. *Waring* (69 N. Y. 250); *People ex rel. Caridi* v. *Creelman* (150 App. Div. 746).

The local board had authority to further restrict the hours in which alcoholic beverages may be sold at retail, in Oneida county, provided a penalty is not annexed. (Alcoholic Bev. Control Law, § 43, subd. 3; *People* v. *Ryan*, 267 N. Y. 133, at p. 136.)

The record of the hearing definitely fixes the ground of the charge as violation of a rule or resolution of the Local Board, further restricting the hours during which alcoholic beverages may be sold at retail. What is the rule? The record of the hearing does not supply the answer. The answering affidavit of the chairman of the State Liquor Authority filed in this proceeding, purports to state the substance of the rule, in the following language: " Pursuant to this power so vested in it, the Oneida Alcoholic Beverage Control Board duly promulgated and adopted a resolution further restricting the hours during which alcoholic beverages may be sold at retail within Oneida County, as follows: During week days, from 8:00 A. M. to 1:00 A. M. the following day; on Saturday, from 8:00 A. M. to 2:00 A. M. the following day and on Sunday, from 1:00 P. M. to 1:00 A. M. the following day."

Petitioner's acts did not infringe the provision of the statute prescribing permissive hours of sale. Did petitioner's acts violate a valid rule set up under the statute authorizing adoption of a rule by the Local Board, further restricting hours of sale of liquor at retail?

This court needs to know the full content of the rule which can be ascertained under section 1296 of the Civil Practice Act, if the Appellate Division determines that the papers before it are not sufficient for proper disposition. In such case, that court may try the cause or remit it to the proper court for determination. Would

the full content of the resolution or rule disclose that its violation is made a misdemeanor? The petitioner argues that it does so show, by inference. The record lacks proof to establish that inference.

In *People* v. *Ryan* (*supra*) in passing upon a rule of the State Alcoholic Beverage Control Board which made violation of any of its provisions a misdemeanor, where punishment was not otherwise provided, the Court of Appeals, speaking through LOUGHRAN, J. (at p. 137), said: " The attempt thus to commit to the unrestrained volition of an administrative board so essentially a legislative function as the definition of a substantive criminal offense was quite obviously without effect. (N. Y. Const. art. III, § 1; Penal Law, § 22; *Matter of Mandel* v. *Board of Regents*, 250 N. Y. 173, 176. See the authorities collated in 3 Willoughby on the Constitutional Law of the United States [2d ed.], § 1085, and in 35 Harv. L. Rev. pp. 952–956.) "

In *Day* v. *Town of New Lots* (107 N. Y. 148, at p. 157) the court said: " While there are cases authorizing an appellate tribunal under certain circumstances to permit a record to be produced upon the argument in the appellate court, this is allowed only for the purpose of sustaining a judgment and is never permitted for the purpose of reversing one. (*Stillwell* v. *Carpenter*, 62 N. Y. 639; *Portet* v. *Waring*, 69 id. 250, 254.) "

However, in view of the disposition of this proceeding, which, in my opinion, the statute requires the court at Special Term to make, further discussion of proof of the existence and effect of the material rule of the Local Board as offered by the allegations of the answering affidavit is not now of consequence, nor can its content or validity be determined on the present state of the record.

In line with the foregoing analysis of the record, including the petition and section 1296 of the Civil Practice Act, as construed in *Matter of Brenner* v. *Bruckman* (253 App. Div. 607), I am constrained to the conclusion that this court is required to make an order transferring the proceeding to the Appellate Division for its determination, an issue having arisen as to " Whether there was any competent proof of all the facts necessary to be proved in order to authorize the making of the determination."

The statute makes perfect provision for determination of the rights of these parties in the Appellate Division.

Now, upon the subject of a stay of enforcement of the revocation order, no further stay is being granted. In declining a further stay, I am taking into consideration the record of prior warning to petitioner on subject of his sale of alcoholic beverages during alleged prohibited hours, his statement that he was familiar with the local rules, his failure to require production of the local rule or

resolution assuming to prescribe a limitation upon the hours of authorized sale of liquor at retail in Oneida county, his expressed attitude toward what he apparently then regarded as the applicable law and rule of competent authority and the policy of the law as defined by the Legislature in section 2 of the Alcoholic Beverage Control Law; also the further consideration that the maximum thirty days' stay, permitted by statute (Alcoholic Bev. Control Law, § 121; *Matter of Yacht Club Catering, Inc.*, v. *Bruckman*, 276 N. Y. 44) in any event, is not adequate to permit petitioner's business to be conducted as a going concern, until authoritative judicial determination of the questions raised can be had. This record illustrates the wisdom of a licensee availing himself of the advice, counsel and service of an attorney at and before the administrative hearing. The tendency of the time is to commit to administrative boards quasi-judicial functions of vast import to individuals in respect to their rights and obligation. Efficient enforcement of the law requires that the petitioner, as well as the State Liquor Authority, co-operate at the hearing in conformity with the rule so recently enunciated by the Supreme Court of United States reported in *Morgan* v. *United States of America* (304 U. S. 1; 58 S. Ct. 773; 82 L. Ed. 757), wherein the court said that: "The right to a 'full hearing' in a quasi-judicial proceeding conducted by an administrative agency embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them."

While the petitioner now contends with a degree of force that the charges that he was compelled to meet upon the hearing were too general, too sketchy and too disjunctive as a matter of law, yet the petitioner did not assert in the hearing that any such deficiency confused him as to the definite charge he was called upon to meet, as a matter of fact. The record is silent as to any expressed desire on the part of the petitioner at the hearing for further light as to the precise charge, nor did petitioner there complain of the competency or sufficiency of the proof to establish that charge. Neither did the petitioner then ask for an opportunity to present any other or further evidence to refute the charge save his irrelevant and insufficient voluntary explanation in attempted avoidance.

Under the circumstances disclosed here, the hand of the State Liquor Authority, in my opinion, should not be further stayed unless and until its action under review has been judicially annulled.

Order is being signed in conformity with this memorandum.