By the Court,

Cowen, J.
It is insisted by the counsel for the plaintiff in error that the declaration is insufficient, because, 1. The ordinance of the corporation under which the suit is brought, is not set out; 2. That more than one penalty is demanded by the court; 3. That the amount of the penalty is not stated. It is also insisted for the plaintiff in error that the ordinance, if it can be construed to extend beyond the cartmen of the city, is void, as not within the powers of the corporation.
Were we to pass upon any of the objections except the first, it would be mere guess work; for the ordinance is not set out in any part of the proceedings which we can notice. That it imposed the duty of painting the owner’s name on private or public carts, or any other, or on one or two, or what penalty was imposed for a violation of the ordinance, it is impossible for us to see judicially; nor are we informed in any way in respect to it, except on the brief of the counsel for the corporation.
*115 The first objection is well taken; the declaration is bad in substance. It is but repeating a long and well established rule, to say that the by-laws of all corporate bodies, including all municipal corporations, from the largest to the smallest, must be set forth in pleading, when they are sought to be enforced by an action, or are set up as protection on the record. The courts can not legally, or in the nature of things, judicially notice these cart laws, or any other corporate regulations. If authorities be necessary, they are abundant against declarations much more perfect than the present (Wilcocks’s Treatise on Municipal Corporations, pt. 1, § 430 to 435, et seq. and the cases there cited).
It is said the objection must be deemed matter of form in a justice’s court, and a case is cited to show what no one doubts, that the defendant can not go back through his plea and attack the declaration for matter of form. But the omission is not matter of form in any court where the question arises, as it does here, on demurrer. In such a case, I know of [201] no distinction between a justice’s court and any other. All we can know or see stands upon the pleadings. It is true when you come to the evidence, and .the court see by the justice's return that every material fact was proved, that helps the pleading even in matter of substance. This rule arose since the statute requiring that justices should return the evidence. A defect in pleading, which has not turned aside or cramped an inquiry into the merits, and that being apparent on the record, is in effect a mere formal matter. No substantia] mischief is done, and the court can see it, and are complying with the statute which enjoins upon them to render judgment according to the very right of the case, and in disregard of all form. In such case I agree any thing, almost, will do for a declaration or plea. The frame of the issue becomes unimportant. But no such thing is predicable of a demurrer. The law never intended to do away with all pleading in a justice’s court. Even form in pleading may be required there by special demurrer; that is to say, it may be thus changed into substance, as the latter may into form, if passed over by taking an issue of fact. If the pleading be stopped anywhere by demurrer, the party may, as in a court of record, travel back from a surrejoinder through all the pleadings of his adversary and search for substantial defects. A demurrer, as Eyre, O. J., said in a similar case, is the way to hit the blot (1 Bos. & Pul. 102). If it were not so, there would be an end of pleading before a justice; and the laxity would become intolerable; for a party would have no means of knowing what he is to meet there.
It is said these New York ordinances may be read in evidence from the printed volume (2 R. S. 326, §85, subd. 2, 2d ed). But the very provision assumes that we are not to notice them judicially. Most clearly this judgment must be reversed.
Judgment reversed.