TIMOTHY D. PORTER, Appellant, *v.* WILLIAM E. WARING, Respondent.

Courts canno take judicial notice of the width of streets or of sidewalks in a city, or of the ordinances of the municipal corporation establishing the same, defining the same, or prescribing and regulating their limits and extent.

A certificate of a street commissioner of the city of New York is not competent evidence of the width of a street or sidewalk therein.

The rule which sanctions the introduction of record evidence upon an appeal, has no application to the ordinances of a municipal corporation. *It seems* that such evidence can only be received upon appeal to uphold the judgment, not to reverse it.

The provision of the act of 1832 (§ 1, chap. 158, Laws of 1832), authorizing ordinances of the common council of the city of New York to be read in evidence in all courts, relates to their introduction upon a trial, not to their being read in an appellate tribunal.

(Argued March 28, 1877; decided April 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term.

This action was brought to restrain defendant from suffering an opening to remain in front of a stable upon certain premises belonging to him, in the city of New York, which was alleged to be contrary to covenants and conditions contained in a deed of said premises from plaintiff, his grantor. The deed contained a covenant that defendant should use the premises conveyed for no other purpose than a residence, except that he might place upon the rear thereof a private stable, also that there " shall be no openings in the sidewalk in front of the stable."

The facts proved upon the trial are sufficiently stated in the opinion. Plaintiff's counsel presented and offered to read, upon the argument at General Term and in this court, an extract, certified by the clerk, from the ordinances of the common council of the city of New York, prescribing the width of sidewalks on the city streets, which varied in accordance with the width of the streets ; also a certificate of the street commissioners, specifying the width of certain streets, among them the street in question.

*Theodore W. Dwight,* for the appellant. The courts will take judicial notice of the fact that the streets in the city of New York are public highways. ( *Whittaker* v. *Eighth Ave. R. R. Co.,* 5 Robt., 650, 652; *Maghee* v. *C. & A. R. R. Co.,* 45 N. Y., 524; *Smith* v. *N. Y. C. R. R. Co.,* 43 Barb., 231; *Haggerty* v. *B., C. & N. R. R. Co.,* 61 N. Y., 624; *Queen* v. *Aspinall,* L. R. [2 Q. B.], 48, 61, 62; 1 Greenl. on Ev., § 6; *Taylor* v. *Barclay,* 2 Simons, 221; *Willoughby* v. *Willoughby,* 1 T. R., 772; *Romero* v. *U. S.,* 1 Wal., 721; *U. S.* v. *Teschmaker,* 22 How. [U. S.], 405; *Bd. Comrs.* v. *Spittler,* 13 Ind., 235; *Kidder* v. *Blaisdell,* 45 Me., 461; The Peterhoff, Blatchf. Prize Cases, 463; *People* v. *Snyder,* 41 N. Y., 397.) The General Term erred in not allowing the city

ordinances to be read on the argument, though they were not offered in evidence at the trial. (*Bank of Charleston* v. *Emerie*, 2 Sand. [S. C.], 718; *Rockwell* v. *Merwin*, 45 N. Y., 166, 168; *Jarvis* v. *Sewell*, 40 Barb., 449; *Catlin* v. *Grissler*, 57 N. Y., 363, 373; *Burt* v. *Place*, 4 Wend., 596; *Ritchie* v. *Putnam*, 13 id., 524; *Dresser* v. *Brooks*, 3 Barb., 429, 431; *Williams* v. *Wood*, 14 Wend., 126; *People–*v. *N. Y.*, 7 How. Pr., 81.)

*Henry H. Anderson*, for the appellant. The extract from the city ordinances, and the certificate of the superintendent of streets, not being parts of the record, could not be considered by this court. (*Jarvis* v. *Sewell*, 40 Barb., 455; *Rockwell* v. *Marvin*, 45 N. Y., 168; *Catlin* v. *Gussler*, 57 id., 373.) State courts cannot take judicial notice of the votes, acts or ordinances of a municipal corporation. (*People* v. *Mayor, etc.*, 7 How. Pr., 81; *Fauntleroy* v. *Hannibal,* 1 Dil. [C. C.], 118, note; *Lenahan* v. *People*, 3 Hun, 164; 62 N. Y., 623.)

MILLER, J. By the covenant in the deed from the plaintiff to the defendant, for the violation of which this action was brought, the defendant had a right to erect a stable on the rear part of the lot conveyed to him; but it was provided that there should be no openings in the sidewalks in front of the stable. The judge before whom the case was tried found that there was an open area in front of the stable, and that no part of the opening was in the sidewalk.

It was not questioned upon the trial that there was an opening in front of the stable some five feet wide; but no positive evidence was given by any person familiar with the lines of the street, or with the width or location of sidewalks therein, nor any ordinance or resolution of the common council, or survey made by a competent engineer or public official for the purpose of establishing the exact location of the sidewalk. A diagram of the premises introduced in evidence showed that the opening was within a line of fence

adopted by the owners of lots between Third and Lexington avenues, and that no part of the opening was within the limits of what was used or claimed as a portion of the sidewalk. It is true that there was some evidence for the plaintiff that the opening was in the sidewalk, but there was no direct proof to the effect that the fence erected by the owners was not on the line of the street, or that it was on the sidewalk, or that such portion of the street as the law required was not used for the purposes of a sidewalk. No witness was called to show any measurement or survey or to prove that the sidewalk was encroached upon. The diagram was really the only proof of the actual location, and it showed that a uniform line had been established by the owners for fences, railings, and areas, and that the stable was in the rear of that line several feet, with an area in front of the stable which came up to the sidewalk, and did not encroach upon it.

As the case stood, the finding of the judge is fully sustained by the evidence. What constitutes a sidewalk in the sense in which it was employed in the covenant in question depends upon the proof given upon the trial. The word of itself has no strict legal interpretation, and its meaning and import must be governed by facts showing the limits and extent of the same in the street where it is located. And although courts may take judicial notice of what is usually within the knowledge of most men, as perhaps of the well-known and admitted fact that streets in the city of New York are public highways, and of other matters which are equally notorious and well understood, yet it by no means follows that they can take notice of the width of streets or of sidewalks, or of any facts connected with the same not generally understood, nor of the ordinances of a corporation which establish the same, define their width and prescribe and regulate their limits and extent. These details are to be proven by competent evidence, and cannot, within any well settled rule established by the decisions of the courts, be considered as embraced within the knowledge of a judge

upon a trial without testimony to show the actual state of the facts. If the court could take judicial notice of the ordinances of a municipal corporation, it would involve the consideration of all the numerous enactments, whether printed or otherwise, which the common council have adopted which relate to the subject of the controversy, and the existence of many of which might be entirely unknown to the parties or their counsel. It would open the door in many cases to mere conjecture, and involve an inquiry as to local enactments; the time when they took effect; the priority of the same, and their application to the case in litigation; which it would be difficult to dispose of without proof, and which are not properly embraced within the ordinary scope of judicial knowledge in the determination and trial of cases.

The authorities cited by the appellant's counsel do not extend the doctrine stated, so as to include knowledge of facts so remote and indefinite as to require extrinsic evidence, and which are dependent upon municipal regulation and the action of the legislative power of local corporate authorities. No case has been cited which establishes the doctrine that a judge, upon a trial, has a right to assume that such ordinances are to be regarded as evidence, and to exercise a controling weight without proof of the same, in the disposition of cases. But even if they could be so considered, there are difficulties in rendering the ordinance sought to be introduced, and the certificate of the street commissioner, effective in proving facts which aid the plaintiff's case without extraneous evidence to show their application to the case presented in the record before us, which cannot be overcome or surmounted. The evidence now offered to be read provides for the width of sidewalks in all streets which " are paved, or shall hereafter be *paved or repaved*," between the line of the streets and kennels, and declares that in all streets sixty feet wide the sidewalk shall be of the width of fifteen feet, and in streets of less or greater width that the sidewalks shall be of a different width. The provision referred to could not be

applied in the case at bar until the court is informed, by sufficient evidence, that Thirty-sixth street, between Third and Lexington avenues, was actually paved before this action was commenced, what the width of said street actually was, and where the kennels were located. How can it be determined that the ordinance applied, without evidence to show that these conditions were complied with? Who can tell the width of the sidewalk until the width of the street is shown? As there was no proof of these material facts, the evidence in question would be of no avail to the plaintiff. As to the certificate of the superintendent of street improvements, it may also be remarked that there is no authority cited which renders it competent evidence.

For the reasons already stated, the reading of the ordinance and the certificate upon the argument at the General Term, and upon this appeal, would be unimportant, and would not aid the plaintiff's case, for as we have seen neither of them could affect the merits or obviate the defect in the plaintiff's testimony. But even if they were otherwise competent, the omission to introduce them upon the trial cannot be supplied by their presentation to the appellate tribunal upon the argument of the case, and the rule which sanctions the introduction of record evidence upon an appeal has no application to the ordinances of a municipal corporation, and a certificate of the character of the one presented under the circumstances of this case. None of the authorities cited sustain the position that such papers may be read upon the hearing of an appeal, and it is usually in cases where record evidence has been imperfectly proved on the trial, or where it is evident that the record itself cannot be contradicted or varied, so that a new trial would not alter the case, that such record can be read to supply the deficiency, and then only in support of the judgment. In *Stillwell v. Carpenter,* 62 N. Y., 639, it was held that while records are sometimes received on argument in an appellate court to cover an omission through inadvertence of proof on the trial, this is only permitted to uphold the judgment, not to reverse it, as a

reversal is only for error committed below, and there can be no error in deciding contrary to a record not produced. This case is directly in point, and decisive of the question discussed.

The provision of § 1, chap. 158, laws of 1832, which authorizes ordinances of the common council of the city of New York to be read in evidence in all courts, relates to their introduction upon a trial in the various courts, and not to their being read in an appellate tribunal. In any view which may be taken of the subject, we think it is entirely plain that the papers mentioned cannot upon any legal ground be read upon the argument. As the case stood the several requests to the court to find by the appellant's counsel were not material, and the refusal of the judge in regard to them was not erroneous.

The conclusion arrived at in reference to each of the questions considered disposes of the whole case, and in that aspect it is not important to consider some other points made, to which our attention has been directed. There was no error upon the trial, and the judgment must be affirmed.

All concur.

Judgment affirmed.