WILLIAM DOWNING v. THE CITY OF MILTONVALE.

1. CITY ORDINANCE — *Conviction for Violation — Practice.* Where a conviction is had for the violation of a city ordinance and an appeal to the district court, the ordinance of the city need not be introduced in evidence. The district court should take judicial notice of such ordinance; but where said ordinance is given in evidence, over the objection of the defendant, *held,* not error.

2. ORDINANCE — *Evidence of Adoption.* In a city of the second class the records of the city council need not show that an ordinance was adopted by sections; *held,* valid if the journal shows the ordinance was placed on its final passage, and the vote thereon by yeas and nays, and that a majority voted in favor of its passage.

3. ——— *Publication of Ordinance; Burden of Proof.* Where the record of an ordinance has a note appended thereto, stating, among other things, that the ordinance was duly published, and the date of its publication, *held,* valid unless it is shown that said ordinance was not published, and the burden of such proof rests on the defendant.

*Appeal from Cloud District Court.*

PROSECUTION for a violation of an ordinance of the *City of Miltonvale,* by disturbing the peace and quiet of certain persons in said city. Trial before the police judge, conviction, and appeal to the district court. Trial at the October Term, 1886; conviction, and sentence to pay a fine of $10 and costs. The defendant *Downing* appeals.

*J. W. Sheafor,* for appellant.

*S. D. Houston, Jr.,* and *D. Scott,* for The City.

Opinion by CLOGSTON, C.: The only question in this case is: Was the ordinance under which the defendant was convicted, valid? The objections urged are, first, that the court erred in admitting in evidence the ordinance book containing the ordinance under which the defendant was prosecuted; second, that the ordinance book and journal of the proceedings of the city council show that the said ordinance was not legally passed and published. The journal shows that the ordinance,

being ordinance number 12, came regularly up at a public meeting of the city council, and was passed, all the members of the council present, and voting in favor of its passage; and that it was approved October 31, 1883, signed by the mayor, and attested by the city clerk.

The record of ordinances offered in evidence shows that the ordinance was regularly entered, with a note appended thereto by the city clerk, as follows:

"These three ordinances passed the city council October 31, 1883, and were approved October 31, 1883. C. E. Daniels, Mayor. Attest: E. E. Husted, City Clerk. Published November 9, 1883. Journal, page 17."

The defendant claims that because the ordinance book failed to show in what paper the ordinance was published, that therefore there was a failure on the part of the city to prove a valid ordinance. It is true the record of ordinances ought to show when they were published, and the name of the paper in which published, but because the city clerk failed to make the record so state, it does not make the ordinance invalid, if in fact it was published. The court ought to have sustained the objection of the defendant to the introduction of the ordinance book. It was the duty of the court to take judicial notice of the existence and substance of the ordinance, without having the ordinance offered in evidence; but the introduction of the ordinance book in evidence could not prejudice the defendant — it was putting in evidence only what the court must know without proof. Therefore it was immaterial. (*City of Solomon v. Hughes*, 24 Kas. 211.)

The defendant claims that the journal does not show that the ordinance was legally passed. We presume he refers to the fact that the journal fails to show that the ordinance was read and adopted by sections. The journal was introduced by the defendant in his cross-examination of the city clerk, and we presume his objection would be valid even though made to his own testimony drawn out on cross-examination. The journal shows the full vote adopting the ordinance as a whole on its final passage, but fails to show that it was adopted

by sections. This was not necessary. Section 19, chapter 19*a*, Compiled Laws of 1885, is as follows:

"SEC. 19. All ordinances of the city shall be read and considered by sections at a public meeting of the council, and the vote on their final passage shall be taken by yeas and nays, which shall be entered on the journal by the clerk; and no ordinance shall be valid unless a majority of all the members-elect vote in favor thereof; *provided, however,* that when the councilmen are all present and voting, and there shall be a tie, the mayor shall have power to give the casting vote on the passage of any ordinance."

As the presumption that what ought to have been done was done, applies, we must presume that the ordinance was regularly passed. (*Comm'rs of Leavenworth Co. v. Higginbotham,* 17 Kas. 62; *The State, ex rel., v. Francis, Treas.,* 26 id. 724.)

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.