(15 Misc. Rep. 325.)

## PEOPLE v. CASEGEANDA.

(Court of General Sessions, New York County. December, 1895.)

EVIDENCE—JUDICIAL NOTICE—CITY ORDINANCES.

Judicial notice will not be taken of city ordinances.

Appeal from city magistrate.

Carlo Casegeanda was convicted of the violation of city ordinances, and appeals. Reversed.

Herman Stiefel, for appellant.

John R. Fellows, Dist. Atty., for the People.

GOFF, Recorder. Carlo Casegeanda, the defendant, was, by the city magistrate, adjudged guilty of a violation of section 33 of the corporation ordinances of 1880, in that he obstructed the sidewalk with a boot-blacking stand; and from such judgment and conviction he appeals. Several grounds of error are assigned by the appellant, but only one of them is necessary to a consideration of the case as presented by the return. The complainant, as captain of police, was thus examined:

"Q. Are you familiar with section 33 of the city ordinances? A. I have a copy here of the amended ordinances of 1884. (Copy of ordinances offered in evidence. Objected to on the ground that the ordinance now offered in evidence is not properly certified, as required by section 941 of the Code of Civil Procedure. Objection overruled. Exception.)"

If there was something denominated an ordinance offered in evidence, the return does not show what the ordinance was; and, if the defendant was convicted of a misdemeanor for violating an ordinance, and there was no evidence of the declarations or the mandates or the prohibitions of that ordinance, of what could he be convicted of violating? An ordinance is not a statute, of which judicial notice must be taken. It must be proven in the manner prescribed by law, and the burden of its proof rests with the prosecution, the same as the proof of any other fact necessary to sustain the prosecution. Two facts are necessary to be proven in such a prosecution: First, the fact of the existence of the ordinance claimed to have been violated; and, second, the fact constituting the violation. Section 941 of the Code of Civil Procedure prescribes that an ordinance may be read in evidence from a copy thereof, certified by the clerk of the common council, or from a volume printed by the authority of the common council. The power of the common council to enact ordinances is limited by the authority derived from the legislature, and in a prosecution for the violation of a city ordinance every fact necessary must be affirmatively proven and established by the record. There is no legal evidence upon which this conviction can be sustained. Judgment reversed.