(15 Misc. Rep. 21.)

### SHEEHY v. UTAH, N. & C. STAGE CO.

(Superior Court of New York City, General Term.  December 18, 1895.)

APPEAL—MATTERS NOT PRESENTED TO TRIAL COURT.

    A city ordinance to which the attention of the trial court was not called will not be considered for the first time on appeal for the purpose of reversing the judgment.

Appeal from jury term.

Action by Michael Sheehy against the Utah, Nevada & California Stage Company for personal injuries.  From a judgment entered on a verdict in favor of plaintiff for $6,500, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Walter Alexander, for appellant.

G. Washbourne Smith, for respondent.

FREEDMAN, J.   There was no error in the denial of defendant's motion for a dismissal of the complaint at the close of plaintiff's case and at the close of the whole case.   The questions relating to defendant's negligence and plaintiff's contributory negligence were, upon the facts as they appeared, for the jury; and the verdict as rendered cannot be said to be against the evidence or against the weight of the evidence; nor should it be disturbed as excessive.   The instruction given to the jury, that, if they found that the driver of the mail wagon was driving faster than at the rate of five miles an hour, it was a violation of section 1932 of the law known as the "Consolidation Act," and that the jury might take it into consideration as bearing upon the question of defendant's negligence, does not call for reversal.   The defendant took only a general exception to it.   No ordinance of the common council in conflict with that section was brought to the attention of the trial judge, and, consequently, if any such ordinance does exist, and were otherwise available, it cannot be introduced on appeal for the first time for the purpose of reversing the judgment.   Porter v. Waring, 69 N. Y. 250.   The instruction as given left it to the jury to find whether defendant's driver was driving faster than at the rate of five miles an hour, and, if he did, what effect such driving had, under all the other circumstances, upon the question of defendant's negligence.   Thus considered, the instruction did not involve error.   The charge as a whole was more favorable to the defendant than the defendant was entitled to, for it gave to defendant's driver, as the driver of a mail wagon, as matter of law,

the right of way as against the plaintiff while driving a street-railroad car,—a proposition which it would be difficult to substantiate if it became necessary. Upon the whole case, substantial justice seems to have been done, and no ground appears to exist for reversing the judgment or order appealed from.

The judgment and order should be affirmed, with costs. All concur.