## BARRETT v. SMITH et al.

(Supreme Court, Appellate Term.   March, 1902.)

1. APPEAL—MONEY RECEIVED—PLEADING AND PROOF.
   Where plaintiff in an action for money received alleges payment of rent for soda fountain stand to defendants, and seeks recovery thereof on the ground that a city ordinance prohibits a licensee of the city from "paying rent or other compensation to the owner or occupant of the premises where his stand shall be located," an affirmative showing that no permit or license for a stand was issued to plaintiff will be ground for reversal of a judgment in his favor.

2. SAME—PARTIES IN PARI DELICTO.
   Where the payment and collection of rent were prohibited by a city ordinance providing that no compensation should be paid to the owner or occupant of premises on which a stand shall be located by one holding a city license therefor, the parties are in pari delicto, and the licensee cannot recover the rent paid.

3. SAME—ORDINANCES—JUDICIAL NOTICE.
   Where the payment and collection of rent were prohibited by a city ordinance providing that no compensation should be paid to the owner or occupant of premises on which a stand shall be located by one holding a city license therefor, proof of the ordinance must be given, as judicial notice cannot be taken thereof.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Michael Barrett against J. Floyd Smith and another. Judgment for plaintiff, and defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

A. Morris, for appellants.

L. W. Harburger, for respondent.

GREENBAUM, J.   This action is brought in form for money had and received.   The plaintiff seeks to recover the sum of $160, being the amount of four months' rent voluntarily paid by him to the defendants for the occupancy of a soda-water stand in front of defendants' premises "outside of the house line and within the stoop line." The theory of plaintiff's claim is that a city ordinance passed in 1899 prohibits a licensee of the city, to whom the privilege of maintaining a stand is given, from "paying rent or other compensation to the owner or occupant of the premises where such stand shall be located." Judgment was rendered in favor of the plaintiff for the full amount claimed.

Aside from other considerations that might be urged for reversing the judgment, it will be sufficient here to base a reversal upon either of the following grounds:   First. There is no proof of the partnership of defendants.   Second. It affirmatively appears that no permit or license for a stand was ever issued to the plaintiff.   Third. If a permit or license had been granted, and assuming that the payment and collection of rent were unlawful acts, then would the parties stand in pari delicto before the court, and no recovery be permitted.   Knowlton v. Spring Co., 57 N. Y. 518.   Fourth. There is no proof of the existence of the ordinance in question, and judicial notice of it can-

not be taken. Porter v. Waring, 69 N. Y. 250. **Judgment reversed,** and new trial ordered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.