BOSTON v. ABRAHAM et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. NEGLIGENCE—ACTION FOR INJURIES—NUISANCE—TRENCH IN STREET.

In an action for injuries sustained by one while at work in a hole excavated in a street for the purpose of laying water mains, the jury might properly find that such excavation did not constitute a common-law nuisance.

2. SAME—DRIVING INTO EXCAVATION—NEGLIGENCE—EVIDENCE.

Where, in an action for injuries sustained by plaintiff while working in a hole in a street, owing to defendant's wagon having been driven into the hole, it appeared that there was an excavation on the other side of the street, but that there was a passageway of about 12 feet between them, the jury were warranted in finding that defendant, in the exercise of reasonable care, could have driven between the two excavations.

3. ORDINANCES—JUDICIAL NOTICE.

State courts of general jurisdiction do not take judicial notice of city ordinances.

Appeal from Trial Term.

Action by John J. Boston against Abraham Abraham and others. From a judgment in favor of plaintiff, and from an order denying a motion for new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

H. Snowden Marshall, for appellants.
Martin P. Lynch, for respondent.

WOODWARD, J. The plaintiff alleges that on the 14th day of September, 1901, while he was lawfully engaged in a trench or a water main on Twelfth street, between Sixth and Seventh avenues, in Brooklyn, a horse and wagon belonging to the defendants was carelessly and negligently driven into the said trench, and on the plaintiff, causing the injuries complained of. The answer made a general denial of the allegations of negligence. Upon the trial two theories were presented—one, that the defendants drove the horse into this trench, though having special warning; and the other, that the horse, in passing near the excavation, shied, throwing his rear feet into the trench, doing the injuries for which the plaintiff seeks recovery. After a careful charge on the part of the learned trial jus-

¶ 3. See Evidence, vol. 20, Cent. Dig. § 42.

tice, the jury found in favor of the plaintiff; and from the judgment entered, and the order denying a motion for a new trial, the defendants appeal.

The plaintiff having alleged in his complaint that he was lawfully in this trench, the defendants urge that the learned trial justice erred in the theory on which the case was sent to the jury. They urge that the digging of this trench for the purpose of making a water connection, in the absence of a permit on the part of the public authorities, constituted a nuisance, and that the defendants, in the absence of willful or wanton injury, were not liable for the accident. This question was presented by the defendants' requests to charge, and is the basis of practically all of the objections called to our attention. Many authorities are cited upon the proposition that a public nuisance, resulting in injury to one lawfully in the highway, gives a cause of action to the party so injured, with all of which we fully agree; but the question here presented is not an injury to the defendants or their servants, but an injury to the plaintiff, who was in the employ of one John J. Flaherty, engaged in relaying a water main in Twelfth street. The plaintiff at the time of the injury was engaged in working in a hole which had been dug on the south side of Twelfth street, in front of No. 336. The dimensions of this hole were 2 feet by about 3 feet, and 4 feet in depth. A hole of the same dimensions, presumably necessary in the work, had been dug on the north side of the street, leaving a passageway of about 12 feet between them. The dirt which had been thrown out of these holes was piled up around them, largely on the sides of the holes next to the curb; leaving but a narrow passage between the holes and the curbs, but affording a clear way of 10 or 12 feet between the holes. The laying or relaying of water mains in a populous city is a work of necessity, for the convenience and safety of the public, as well as for the convenience of individuals; and the jury might properly find that these temporary excavations for this lawful purpose did not constitute a common-law nuisance, even though it be assumed that the plaintiff, a mere employé, was responsible for the same. Tinker v. N. Y., Ontario & Western R. Co., 157 N. Y. 312, 319, 51 N. E. 1031, and authorities there cited. There was no reason why the defendants, exercising reasonable care, particularly in view of the warning they had received, could not have driven between these two holes with perfect safety, and avoided doing the plaintiff an injury. It is true, of course, that violating an ordinance affords some evidence of negligence on the part of the person violating the same; but there is no evidence in this case of any ordinance governing the opening of streets, or showing that a permit was necessary for this purpose, and it is a well-established principle of law that state courts of general jurisdiction will not take judicial notice of private acts, such as ordinances. 15 Ency. of Pl. & Pr. 425; Porter v. Waring, 69 N. Y. 250, 254, 255. When the plaintiff had established a state of facts from which the jury might find that he was not guilty of any common-law nuisance, he had made a case entitling him to go to the jury, assuming that he had evidence to support the allegation of negligence on the part of the defendants, and lack of contributory negli-

gence on his part; and, in the absence of an ordinance appearing in the record, we cannot assume that he was guilty of any violation of law.

We do not mean to decide that the plaintiff, an employé, who might reasonably presume that his employer had the necessary permit, would be deprived of his right of action, even were an ordinance proved, as it is not necessary in this case to determine any such point. The jury had a right to find from the evidence that the plaintiff was lawfully employed in the highway, that he was in the exercise of reasonable care, and that the defendants were guilty of negligence in driving into this hole in broad daylight; and, they having found in favor of the plaintiff, we see no reason for disturbing the judgment, although we might, acting as jurors, have been disposed to give a smaller verdict.

The judgment and order appealed from should be affirmed, with costs. All concur.