### MALKAN v. CARLIN et al.

#### (Supreme Court, Appellate Term. April 24, 1905.)

1. NUISANCE—TEMPORARY OBSTRUCTION OF STREET—CONSTRUCTION OF BUILD-ING OR SIDEWALK.

   A temporary obstruction of a street or highway with the consent of the proper public authorities, and in the course of construction of a building, sidewalk, or other work, is not a nuisance.

   [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corpo-rations, § 1493.]

2. SAME—PERSONAL INJURIES—ACTION ON THEORY OF NUISANCE.

   Where defendants, while laying a sidewalk under a contract with the city, piled flagstones near the curb, leaving considerable space between the pile and the building or house line, an action upon the theory of a nuisance was not maintainable by plaintiff for injuries received by stumbling over the stones.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Henry Malkan against Patrick J. Carlin and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREEN-BAUM, JJ.

Richards & Heald (Alfred B. Nathan, of counsel), for appel-lant.

Frank Verner Johnson, for respondents.

PER CURIAM: Although the pleadings were oral, the action was stated to be one to recover damages "for personal injuries resulting from a nuisance established or maintained by defendants," and was strictly tried upon the theory of a nuisance, and not for negligence. The proof introduced by the plaintiff shows that the defendants had obtained a contract from the city for the purpose of laying a sidewalk around the Tombs building, then in course of construction; that during the progress of the work of laying the sidewalk a number of flagstones were piled up near the curb, leav-ing considerable space between the pile and the building or house line; and that plaintiff's injuries were caused by his stumbling over the pile of stones.

It is well settled that a temporary obstruction of the street or highway, when it appears that the act was done with the consent

of the proper public authorities, and in the course of construction of a building, sidewalk, or other work, is not a nuisance. Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Ster v. Tuety, 45 Hun, 49, 53; Boston v. Abraham, 91 App. Div. 417, 86 N. Y. Supp. 863. Upon the facts disclosed, the action was not maintainable upon the theory of a nuisance.

Judgment affirmed, with costs.