### CITY OF NEW YORK v. KNICKERBOCKER TRUST CO.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. ENCROACHMENT ON STREET—COMPLAINT—SUFFICIENCY.

A complaint by a city for removal of permanent constructions encroaching on its sidewalks prayed that it be adjudged that the constructions constituted a public nuisance, that the occupation of the walk was illegal, that defendant be enjoined from further maintaining the constructions, and be compelled to remove the same, and that, on failure to do so, plaintiff be ordered to charge the expense of removal to defendant. *Held,* that the complaint was not objectionable as improperly uniting in the same count a cause of action in equity to abate a nuisance and another in ejectment to recover real property.

2. SAME—NUISANCE.

Permanent constructions occupying a portion of a city's sidewalks and excluding the public therefrom are a nuisance.

3. SAME—REMEDY.

Equity has jurisdiction, at the suit of a city, to compel the removal of obstructions of and encroachments on its sidewalks so as to exclude the public therefrom.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1502–1506.]

4. CITY ORDINANCES—JUDICIAL NOTICE.

Judicial notice will not be taken of the ordinances of a municipal corporation.

5. SAME—STATUTES—CONSTRUCTION.

Charter of Greater New York (Laws 1901, p. 22, c. 466) § 41, providing that the ordinances in force January 1, 1902, not inconsistent with the charter, are continued in full force and effect, does not continue such ordinances as part of the statutory law incorporated in the provisions of the charter.

6. SAME.

City ordinances regulating sidewalks and streets of the city, and containing prohibitions against encroachments on the sidewalks, with a penalty which may be imposed for a violation thereof, do not affect the right of the city, by suit in equity, to compel the removal of encroachments on its sidewalks.

Appeal from Special Term, New York County.

Action by the city of New York against the Knickerbocker Trust Company. From a judgment overruling demurrer to the complaint, defendant appeals. Affirmed.

See 83 N. Y. Supp. 576.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Julien T. Davies, for appellant.

T. Connoly, for respondent.

PATTERSON, J. The city of New York brought this action seeking a mandatory injunction to compel the defendant to remove certain structures, namely, steps and coping, and an area, which it alleges were unlawfully constructed upon the property of the plaintiff, namely, being a public street in the city of New York, at Fifth avenue and Thirty-Fourth street. The material allegations of the complaint are that the plaintiff is a municipal corporation; that the defendant, the Knickerbocker Trust Company, is a domestic corporation organized under the Laws of the State of New York; that the defendant was the owner in fee simple of the premises at the corner of Fifth avenue and Thirty-Fourth street, in said city, and that such streets are, and at all times mentioned in the complaint and for many years before the commencement of this action were, public streets in the city of New York, held in trust by said city as open streets and thoroughfares for the benefit of the public; that some time during the winter of 1902–3 or thereabouts the defendant constructed at the northwest corner of Thirty-Fourth street and Fifth avenue a new building, having a frontage both on Fifth avenue and on Thirty-Fourth street; that the defendant has made or is making on the Thirty-Fourth street side an open areaway, with a coping in and upon the sidewalk of Thirty-Fourth street, which area is 54.8 feet long and 12 feet wide, with a coping two feet wide; that the areaway has steps 5.6 feet wide at its easterly end, and 12 feet wide on the westerly end, leading from the level of the sidewalk proper down to the basement of the building; that the defendant further constructed or is constructing, around the northwest corner of Fifth avenue and Thirty-Fourth street, stone steps around the base of the building, which steps lead from the sidewalk level up to the first floor of the building of the defendant on Fifth avenue; that at Fifth avenue these steps project

15 feet beyond the building or street line into the sidewalk for a distance of 61.9 feet, and on the Thirty-Fourth street side the steps project 14.2 feet beyond the building or street line into the sidewalk, and are 21.9 feet wide; that Fifth avenue, at its intersection with Thirty-Fourth street, is a public street, 99.9 feet wide, and at a point in front of the premises of the defendant the sidewalk from the westerly building or street line to the westerly curb line is 30 feet wide, the roadway is 40 feet wide, and the sidewalk on the easterly side is 29.9 feet wide, making the total width of the street at this point 99.9 feet; that the width of the sidewalk between the westerly curb and the stone steps is 15 feet; that Thirty-Fourth street at its intersection with Fifth avenue is a public street 100 feet in width, and that at a point in front of the said premises the sidewalk from the northerly or building line to the north curb is 30 feet, the roadway is 40 feet wide, and the sidewalk on the southerly side is 30 feet wide, making the total width of the street at this point 100 feet; that the width of the sidewalk between the northerly curb and coping of the areaway is 16 feet. It is then alleged that the defendant constructed or caused to be constructed, and is now constructing, the coping, area, and steps around the Fifth avenue and Thirty-Fourth street sides of the premises, and outside of the building line, and upon the property of the plaintiff, without any permit so to do from the plaintiff, and in violation of sections 179, 182, and 329 of the Revised Ordinances of the City of New York, adopted March 9, 1897, and approved March 15, 1897, and the defendant has unlawfully constructed and maintained, or caused to be constructed and maintained, and is now constructing and maintaining, the aforesaid coping, area, and steps, and still unlawfully continues to do so, without the permission of the plaintiff, and in violation of the plaintiff's rights in said street; that the coping, area, and steps thus constructed and maintained and now building by the defendant were and are entirely unauthorized, and were and are in violation of the law of the state, and of the ordinances of the plaintiff, and are partly upon lands belonging to the plaintiff, and the coping, area, and steps so constructed, maintained, and now building were and are a nuisance, and the building thereof by the defendant constitutes a continuing nuisance and trespass by the defendant. The plaintiff then alleges that the filling in of the said area, and the removal of the said steps and coping, and the placing of the sidewalk in the condition it would be in were it not for the said coping, area, and steps were not those encroachments there, would be attended with great expense, and would be followed by litigation against the plaintiff; that the defendant has been notified and requested to close the said area, and remove the said coping and steps, and has refused and neglected to do so, and claims the right to maintain the same; that the plaintiff is unwilling to assume the burden of expense of removing the said incumbrances and nuisance, filling in said area, and prefers that the same shall be done by the defendant at its own expense, and also that the plaintiff has no adequate remedy at law. The prayer for relief, then, is that it be adjudged that the construction and maintenance of the coping

and area on Thirty-Fourth street, so far as it extends beyond five feet from the building line on Thirty-Fourth street, and so much of the steps as extend beyond seven feet from the building line on Fifth avenue and also on Thirty-Fourth street, were and are illegal, and constitute a public nuisance, and that plaintiff is entitled to remove the coping and steps and fill in said areaway, and that the appropriation and occupation by the defendant of all the aforesaid space was and is illegal, that the defendant, and its officers, agents, attorneys, and servants, be enjoined and restrained from further maintaining the said coping, area, and steps, and that it be ordered and directed to remove the same forthwith at its own expense, and restore the sidewalk to a condition both on Thirty-Fourth street and Fifth avenue in which it would be if said coping, area, and steps had not been constructed there; and in the event of the defendant failing or neglecting to remove the same, and complying with the decree of the court, the plaintiff prays that it may be ordered to charge the expense of removal and restoration to the defendant. Annexed to the complaint and as an exhibit thereto, sections 179, 182, and 329 of the Revised Ordinances of the City of New York are set forth in full.

The defendant demurred to the complaint upon the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action, and that two causes of action have been improperly united in the same count; one being an alleged cause of action in equity to abate a nuisance, and the other an alleged cause of action in ejectment to recover real property, and that said alleged causes of action are inconsistent with each other. The demurrer was overruled, and from the interlocutory judgment the defendant appeals to this court.

There are not two causes of action improperly united. The complaint is for a single cause of action, and it sets forth all the facts which would entitle the plaintiff to relief on that single cause of action. As remarked by the justice at Special Term, the rule is now well established in this state that where the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which violates that right, the complaint states but a single cause of action, no matter how many forms and kinds of relief the plaintiff may be entitled to. Hahl v. Sugo, 169 N. Y. 109, 62 N. E. 135, 61 L. R. A. 226, 88 Am. St. Rep. 539.

The complaint contains a statement of facts sufficient to constitute a cause of action. There are allegations of the existence of a nuisance in the public streets, and, as no question of the mode of trial now arises, it may be that the plaintiff would be entitled to maintain this as an action of nuisance under sections 1660–1662 of the Code of Civil Procedure; but the case has been treated on both sides as a suit in equity brought specifically for the purpose of compelling the defendant to remove obstructions and encroachments on the public streets of the city. That the encroachment or obstruction being in the public streets and occupying a considerable part of the sidewalk, without authority, is a nuisance, is well settled. Davis v. The Mayor, 14 N. Y. 506, 67 Am. Dec. 186;

Waterford & Whitehall Turnpike Co. v. People, 9 Barb. 161; Wakeman v. Wilbur, 147 N. Y. 657, 42 N. E. 341; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Ackerman v. True, 175 N. Y. 353, 67 N. E. 629.

It is quite unnecessary in criticising this complaint to consider whether the constructions complained of constitute encroachments or obstructions. It is sufficiently indicated in the complaint that they constitute both, for they are permanent constructions, and occupy a portion of the sidewalk over which the public had the right to pass. The public is thus excluded from the use of so much of the sidewalk as has been without authority appropriated by the defendant for the purpose of its building. "Any contracting or narrowing of a highway is a nuisance. 1 Russell on Crimes, 350. Any obstruction left in the road, or omission to repair it, whereby it is less convenient for public use, falls within the same category. The public had the right to have the road continued substantially in the same manner, as to width and safety, which the charter required at its first construction." 9 Barb. 175.

The authorities cited by the justice at Special Term fully sustain his view that, where the damage or injury is common to the public, redress is properly sought by a proceeding in behalf of the public, and the form of action here adopted has been frequently upheld, and is appropriate and proper remedy in a case like the present. People v. Met. Tel. & Tel. Co., 31 Hun, 596; City of Utica v. Utica Tel. Co., 24 App. Div. 361, 48 N. Y. Supp. 916; City of Rochester v. Bell Tel. Co., 52 App. Div. 6, 64 N. Y. Supp. 804; City of New York v. Thorley, decided at Special Term, November 19, 1901, and affirmed 73 App. Div. 626, 77 N. Y. Supp. 1123; Wheelock v. Noonan, 108 N. Y. 179, 15 N. E. 67, 2 Am. St. Rep. 405. It was held in Trustees of the Village of Watertown v. Cowen, 4 Paige, 510, 27 Am. Dec. 80, that a municipal corporation has power to file a bill in equity to protect the rights of the inhabitants of the village to the use of a public square and also for nuisance. In the case of the City of New York v. Thorley, supra, which was before this court in 1902, we affirmed a judgment requiring the defendant to remove a portico built in front of its building on Forty-Second street west of Broadway. That was a suit in equity to compel the defendants to take down and remove at their own expense the structure which extended into the public highway beyond a permitted line, and which was erected without lawful authority, and which was an incumbrance upon the highway. Courts of equity have always exercised a concurrent jurisdiction with courts of law in cases of nuisance or of continuing trespass. In Attorney General v. The Cohoes Company, 6 Paige, 133, 29 Am. Dec. 755, it was held that chancery has jurisdiction to restrain an unauthorized act which may amount to a nuisance or may injuriously affect or endanger the public interest. In Mayor of the City of Rochester v. Curtis, Clarke, Ch. 339, although an injunction was denied, the Vice Chancellor said:

"I do not agree with the defendant's counsel that an injunction will not be allowed to prevent a nuisance. There are many cases in which this court

will interpose its strong arm, by summary process, to prevent the erection of a nuisance which if erected would involve imminent danger, and lead to great or irreparable mischief. * * * And so in cases of intrusion by building upon property dedicated to the public use, as a square, a street, or highway, this court will, in a clear case, interfere by an injunction to prevent it."

It is claimed by this appellant, in a very ingenious and elaborate argument, that the jurisdiction of a court of equity cannot attach in this case in consequence of the provisions of various ordinances of the city of New York which give authority to the board of aldermen or certain municipal officers to remove nuisances, and which prescribe a certain procedure for their removal, and it is contended that the remedies so provided are exclusive. There are, however, no ordinances before us, or to which we can have recourse, except the three, the text of which is annexed as a schedule to the complaint, and section 197 referred to in section 179. The court cannot take judicial notice of the ordinances of a municipal corporation. Porter v. Waring, 69 N. Y. 254. It is argued that by section 41 of the Greater New York Charter (Laws 1901, p. 22, c. 466) ordinances not inconsistent with the charter and in full force on January 1, 1902, are "continued in full force and effect." But they are not continued as part of the statutory law incorporated in the provisions of the charter. They are simply continued in force as ordinances. They are given no higher sanction nor greater dignity than they had previously. We are therefore confined to the consideration of the four ordinances above referred to.

It is to be observed, however, that the complaint of the city is not limited to a cause of action based upon a violation of the city ordinances. They are mentioned in the complaint, but the chief grievance of the city is the encroachment upon the public highway, and its obstruction by reason of the permanent character of the appurtenances to the defendant's building mentioned in the complaint. Those constructions are not only forbidden and punishable by the ordinances, but, irrespective of such ordinances, they are of such a character that their removal could be compelled by the courts in the application of ordinary rules of law. So far as the consideration of the ordinances is material, it is to be remarked that sections 179 and 197 relate apparently to temporary incumbrances or obstructions of a street, roadway, or sidewalk which has been opened, graded, and regulated according to law. Section 182 prohibits the construction or continuance of any platform, stoop, or step in any street in the city of New York which shall extend more than one-tenth part of width of the street, nor more than seven feet, nor with any other than open backs or sides or railings, nor of greater width than is necessary for the purpose of a convenient passageway into the house or building, nor any stoop or step which shall exceed five feet in height, under the penalty of $100. Section 329 provides that no area in front of any building in the city of New York shall extend more than one-fifteenth part of the width of any street, nor in any case more than five feet, measuring from the inner wall of such area to the building; nor shall the railing of such area be placed more than six inches

from the inside of the coping on the wall of such area, under the penalty of $100, to be recovered from the owner and builder thereof, severally and respectively.

These ordinances are regulations relating to the sidewalks and streets of the city, and they contain prohibitions of encroachments upon such sidewalks, with a penalty which may be imposed for a violation of such regulations. They do not affect in any way the general right of the municipality to prevent unlawful encroachments or obstructions or to compel their removal, if they have been placed in the highway. They cannot be construed as giving a license to one who creates a nuisance in a public street to continue that nuisance upon the payment of these small penalties. The city cannot give permission to an owner of property to erect any part of his building on the public highway. As said in Ackerman v. True, 175 N. Y. 364, 67 N. E. 631:

"Although it is true that the title of the streets in the city of New York is in the municipality, that title is held by it in trust for public use, and not even the municipal assembly has authority to permit permanent encroachments thereon. While that body may, by ordinance, regulate the use of streets, highways, roads, public places, and sidewalks, and prevent encroachments upon and obstructions to the same, the charter expressly provides that 'they shall have no power to authorize the placing or continuing of any encroachment or obstruction upon any street or sidewalk, except the temporary occupation thereof, during the erection or repairing of a building on a lot opposite the same.' Chapter 378, p. 19, Laws 1897, § 49, subd. 3."

That section is now section 50 of the Greater New York Charter of 1901, which became a law April 22, 1901 (Laws 1901, p. 28, c. 466).

In the ordinances thus considered we find nothing to sustain the defendant's contention of a limited power in the city to remove these obstructions by specified procedure or by an exclusive remedy; nor is the inference necessary that because a penalty is provided for a violation of the ordinances before us the city is debarred from its right to invoke the aid of the courts in the suppression of a nuisance.

We are of the opinion that the complaint is sufficient and that the interlocutory judgment appealed from should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. All concur; VAN BRUNT, P. J., and McLAUGHLIN, J., in result.