(53 Misc. Rep. 640)

SACHS v. LYONS.

(Supreme Court, Appellate Term.  March 14, 1907.)

EVIDENCE—JUDICIAL NOTICE—MUNICIPAL ORDINANCES.
    Courts do not take judicial notice of ordinances of a municipal corporation.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 42.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Finin Sachs against Samuel Lyons. From a judgment in favor of defendant in the Municipal Court, the plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Herman Roth, for appellant.
Jacob Levy, for respondent.

PER CURIAM. Appeal from judgment rendered in favor of defendant, dismissing the plaintiff's complaint and awarding the defendant $32.18 as a counterclaim.

The case was tried by the court without a jury. The plaintiff sought to recover the value of certain goods which the defendant, as a carter, was to bring to him from the Pennsylvania Railroad Company. The goods were brought to plaintiff's store about 9:30 p. m. At that time plaintiff's employé refused to receive them. They were then brought to the store the next morning. The driver would not deliver the goods until he got a receipt and his pay. Plaintiff would not agree to this. The defendant then took the goods away and stored them. Hence this suit for the value of the goods.

Defendant interposed a counterclaim for his charges and storage, amounting to $32.18. The right to this counterclaim was based upon section 10 of a city ordinance; but no ordinance was proved, as required by section 941, Code Civ. Proc. So far as we can discover, no court takes judicial notice of a corporation ordinance. Porter v. Waring, 69 N. Y. 250. Nor was there the least proof of any counterclaim.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.