(91 Misc. Rep. 342)

### PEOPLE v. CRONIN.

(Court of General Sessions, New York County. July 8, 1915.)

1. EVIDENCE ☞366—MUNICIPAL ORDINANCES—PROOF.
   Under Code Civ. Proc. § 941, providing that an ordinance may be read in evidence from a copy thereof certified by the clerk of the common council or from a volume printed by authority of the council, a pamphlet containing a compilation of city ordinances, not certified by the clerk nor printed by authority of the common council, does not prove an ordinance therein.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1521–1539; Dec. Dig. ☞366.]

2. EVIDENCE ☞32—JUDICIAL NOTICE—ORDINANCES.
   A court of local jurisdiction may not take judicial notice of an ordinance in force within the court's jurisdiction.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. ☞32.]

3. MUNICIPAL CORPORATIONS ☞122—ORDINANCES—PROOF OF ORDINANCE.
   Where one is charged in the Magistrate's Court with violating an ordinance, the ordinance must be proved in the manner prescribed by Code Civ. Proc. § 941.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–289; Dec. Dig. ☞122.]

John J. Cronin was convicted of violating a municipal ordinance, and he appeals. Reversed, and fine remitted.

Joseph H. Hayes, of New York City, for appellant.
Charles Albert Perkins, of New York City, for respondent.

WADHAMS, J. The defendant appeals from a judgment of conviction rendered against him for a violation of a municipal ordinance on March 6, 1915.

[1] Section 941 of the Code of Civil Procedure prescribes that an ordinance may be read in evidence from a copy thereof certified by the clerk of the common council or from a volume printed by authority of the common council. The original return made by the magistrate did not show what proof of the ordinance in question had been received in evidence, and an amended return was thereupon directed, to which the court below has annexed, as part of the record, a pamphlet entitled "Inferior Criminal Courts Act of the City of New York, Chapter 659, Laws of 1910 (Including Amendments up to July 1, 1914) and Appendix of Other Recent Laws, Decisions, etc., Affecting Those Courts—Compiled by Philip Bloch, Chief Clerk, City Magistrates' Court, First Division, July 1, 1914." In red ink, on the cover, there is indorsed: "Speed Ordinance on page 35." Page 35 is entitled "An ordinance relative to speed regulations," and is alleged "to take effect June 1, 1913," and as "amended" June 16, 1913, December 3, 1913, and March 18, 1914. The defendant contends that the ordinance of June 1, 1913, as amended, the violation of which is charged in the complaint, was not in effect on March 6, 1915, the time of the offense charged, as it had been repealed, and that another ordinance, approved on August 14, 1914, was in force at that time. There was no evidence whether there was any ordinance in force on March 6, 1915. Neither the pamphlet compiled by Mr. Bloch nor page 35 thereof appears to have been marked in evidence, and, even if it had been, it is obvious that it was not such proof of an ordinance as is required by section 941 of the Code of Civil Procedure. It is conceded that this pamphlet was not a certified copy, nor was it a volume printed by authority of the common council of the city; that is, of the board of aldermen, which has succeeded the common council.

[2] It is contended, however, that the court below was authorized to take judicial notice of the ordinance in force at the time of the alleged violation. The general rule is that the court cannot take judicial notice of the ordinances of a municipal corporation. Porter v. Waring, 69 N. Y. 254; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223, 230, 93 N. Y. Supp. 937. But it is urged that a court of local jurisdiction may take cognizance of the local ordinances in operation within the jurisdiction of the court. This exception appears to be made in several jurisdictions upon the ground that such ordinances are the peculiar law of the particular forum, and for that reason a departure from the general rule requiring proof of such ordinances is justified. Ex parte Davis, 115 Cal. 445, 447, 47 Pac. 258; Downing v. City of Miltonvale, 36 Kan. 740, 14 Pac. 281; 28 Cyc. 393, 394; also 16 Cyc. 898; In re Oliver, 21 S. C. 318, 323, 53 Am. Rep. 681.

As early as 1837 Judge Cowen, writing for the Supreme Court of Judicature, in reversing a judgment rendered in the Superior Court of the City of New York, which affirmed a judgment originally entered in a justice's court, states, in Harker v. Mayor, etc., of New York, 17 Wend. 199, 200:

"The courts cannot legally, or in the nature of things, judicially notice these cart laws, or any other corporate regulations."

And again, on page 201, the court said:

"It is said these New York ordinances may be read in evidence from the printed volume. 2 R. S. (2d Ed.) 326, § 85, subd. 2. But the very provision assumes that we are not to notice them judicially."

The Appellate Term of the Supreme Court, in Sachs v. Lyons, 53 Misc. Rep. 640, 103 N. Y. Supp. 149, applied the same rule in reversing a judgment rendered in the Municipal Court, stating per curiam:

"The right to this counterclaim was based upon section 10 of a city ordinance; but no ordinance was proved as required by section 941, Code of Civil Procedure. So far as we can discover, no court takes judicial notice of a corporation ordinance."

In People v. Miller, 38 Hun, 82, 85, the court said, in affirming a judgment of the Court of Sessions of Erie County, which reversed a judgment of the Justice of the Peace:

"If the accused was charged with disorderly conduct, as defined by the city ordinances, she had a right to take issue upon the existence of the ordinance, and to show, if she could, that it was not duly enacted and never became operative. The court cannot take judicial notice of the existence of city ordinances, and in all proceedings against individuals charged with a violation of the same they are to be proved and read in evidence for the purpose of maintaining the charge of violating the same."

The precise question was decided in an appeal from a Magistrate's Court to the Court of General Sessions in People v. Casegeanda, 15 Misc. Rep. 325, 326, 37 N. Y. Supp. 768, in which Recorder Goff said:

"An ordinance is not a statute, of which judicial notice must be taken. It must be proven in the manner prescribed by law, and the burden of its proof rests with the prosecution, the same as the proof of any other fact necessary to sustain the prosecution."

So, also, in People v. Bell, 31 N. Y. Cr. R. 370, 148 N. Y. Supp. 753, it was held, in the County Court of Montgomery County, in reversing a judgment of conviction in the Justice's Court for a violation of a speed ordinance of the village of St. Johnsville, that the court could not take judicial notice of the existence of the ordinance.

The case of City of Buffalo v. Stevenson, 145 App. Div. 117, 129 N. Y. Supp. 125, is cited as sustaining the rule that a Municipal Court may take judicial notice of a municipal ordinance. That was a case in which there was an appeal from a judgment which had originally been entered in the Municipal Court of the City of Buffalo, and although the court adopts the view expressed in the other jurisdictions cited, the opinion expressed is clearly obiter dictum, as it also appears in the court's opinion that the particular ordinance in question was, in fact, in evidence. I do not find that the view expressed in the Buffalo decision has been adopted or followed in any other case.

[3] No exception is made in section 941 of the Code of Civil Procedure with respect to the Magistrate's Court as to the manner required for making proof of city ordinances, and where the issue is the violation of such an ordinance, it must be proved as provided in the Code.

Judgment reversed, and fine remitted.