# COURT OF GENERAL SESSIONS—NEW YORK COUNTY,

## Oct. 1915.

## THE PEOPLE v. ANTHONY TRAINA.

### (92 Misc. 85.)

MOTOR VEHICLES—COURTS CANNOT TAKE JUDICIAL NOTICE OF CITY ORDI-
NANCE.

A judgment rendered in a City Magistrate's Court adjudging defend-
ant guilty of operating a motor vehicle at an illegal rate of speed in
violation of a city ordinance must be reversed where the record on
appeal fails to show that such ordinance was proved as a fact.

APPEAL from a judgment rendered by a City Magistrate's
Court.

*Hirson & Bertini*, for appellant.

*Royal H. Weller, Assistant District Attorney*, for respon-
dent.

ROSALSKY, J.:

The defendant was adjudged guilty in the City Magistrate's
Court of operating a motor vehicle at a greater rate of speed
than fifteen miles per hour, to wit, twenty-nine miles per hour,
in violation of an ordinance of the corporation of the city of
New York, adopted by the board of aldermen on April 15, 1913.
and approved by the mayor on April 29, 1913, to take effect on
June 1, 1913, as amended.

While the return of the city magistrate recites that the de-
fendant was adjudged guilty of a violation of the ordinance
referred to, an examination of the record fails to disclose that

the ordinance was proved as a fact so that this court upon review could determine whether the defendant had committed any violation thereof.

Section 941 of the Code of Civil Procedure prescribes that an ordinance may be read in evidence from a copy thereof, certified by the clerk of the common council of the city (or of the board of aldermen, which has succeeded the common council in New York city), or from a volume printed by the authority of the common council. Section 392 of the Code of Criminal Procedure provides, among other things, that the rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in the Code.

The learned assistant district attorney contends that notwithstanding these provisions, city magistrates, under chapter 659 of the Laws of 1910, and acts amendatory thereof, have general jurisdiction to try and punish persons for a violation of the ordinance in relation to the Motor Vehicle Law, and that they are therefore empowered to take judicial notice of such city ordinance. The mere fact that magistrates are vested with jurisdiction to try and punish persons charged with a violation of such an ordinance does not dispense with the necessity of establishing in the proceeding the nature of the ordinance which they are charged to have violated.

While there are cases in other jurisdictions holding that courts may take judicial notice of the existence of city ordinances (*Ex parte* Davis, 115 Cal. 445, 447; Downing v. City of Miltonvale, 36 Kans. 740; Matter of Oliver, 21 S. C. 318, 323), nevertheless, as was pointed out by my learned associate, Judge Wadhams, in People v. Cronin, 91 Misc. Rep. 342, in which he ably discussed the precise subject under consideration, and in which he rejected the contention of the district attorney, the courts of this state may not take judicial notice of city ordinances. The following decisions are to the same effect: Porter v. Waring, 69 N. Y. 250; People ex rel. Langdon v.

Dalton, 46 App. Div. 264; People ex rel. Caridi v. Creelman, 150 id. 746; City of New York v. Knickerbocker Trust Co., 104 id. 223, 230; Harker v. Mayor, 17 Wend. 199, 200; Sachs v. Lyons, 53 Misc. Rep. 640; People v. Miller, 38 Hun, 82, 85; People v. Casegeanda, 15 Misc. Rep. 325, 326; People v. Bell, 148 N. Y. Supp. 735; City of Buffalo v. Stevenson, 145 App. Div. 117; People v. Harris, 87 Misc. Rep. 266:

If it were the intention of the legislature to except magistrates' courts from the operation of section 941 of the Code of Civil Procedure in relation to the taking of proof as to the existence of a city ordinance, it would have so provided, either in that section, or in some specific statute; but, as the legislature has failed to make any such provision, the failure of the magistrate to take proof as to the existence of the ordinance referred to necessitates the reversal of the judgment of conviction against the defendant.

The judgment of conviction is reversed, and a new trial ordered.

Judgment reversed and new trial ordered.