(92 Misc. Rep. 82)

### PEOPLE v. TRAINA.

(Court of General Sessions, New York County. October, 1915.)

1. MUNICIPAL CORPORATIONS ⚖⟶707—VIOLATION OF ORDINANCE—PROOF.

In view of Code Civ. Proc. § 941, prescribing that an ordinance may be read in evidence from a certified copy thereof or from an authorized printed volume, and of Code Cr. Proc. § 392, providing that the rules of evidence in civil cases are applicable to criminal cases, except as otherwise provided, a conviction of defendant of operating a motor vehicle at an illegal rate of speed in violation of a city ordinance was unauthorized, where the ordinance was not proven.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515–1517; Dec. Dig. ⚖⟶707.]

2. CRIMINAL LAW ⚖⟶304—EVIDENCE—JUDICIAL NOTICE—ORDINANCE.

In a prosecution for violating a city ordinance, judicial notice cannot be taken of the existence of the ordinance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 700–717, 2951½; Dec. Dig. ⚖⟶304.]

Appeal from City Magistrate's Court.

Anthony Traina was convicted of operating a motor vehicle in violation of a city ordinance, and appeals. Reversed, and new trial ordered.

Hirson & Bertini, of New York City, for appellant.

Royal H. Weller, Asst. Dist. Atty., of New York City, for the People.

ROSALSKY, J. The defendant was adjudged guilty in the City Magistrate's Court of operating a motor vehicle at a greater rate of speed than 15 miles per hour, to wit, 29 miles per hour, in violation of an ordinance of the corporation of the city of New York, adopted by the board of aldermen on April 15, 1913, and approved by the mayor on April 29, 1913, to take effect on June 1, 1913, as amended.

[1] While the return of the city magistrate recites that the defendant was adjudged guilty of a violation of the ordinance referred to, an examination of the record fails to disclose that the ordinance was proved as a fact, so that this court upon review could determine whether the defendant had committed any violation thereof.

Section 941 of the Code of Civil Procedure prescribes that an ordinance may be read in evidence from a copy thereof, certified by the clerk of the common council of the city (or of the board of aldermen, which has succeeded the common council in New York City), or from a volume printed by the authority of the common council. Section

392 of the Code of Criminal Procedure provides, among other things, that the rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in the Code.

The learned assistant district attorney contends that, notwithstanding these provisions, city magistrates, under chapter 659 of the Laws of 1910, and acts amendatory thereof, have general jurisdiction to try and punish persons for a violation of the ordinance in relation to the Motor Vehicle Law (Laws 1904, c. 538), and that they are therefore empowered to take judicial notice of such city ordinance. The mere fact that magistrates are vested with jurisdiction to try and punish persons charged with a violation of such an ordinance does not dispense with the necessity of establishing in the proceeding the nature of the ordinance which they are charged to have violated.

[2] While there are cases in other jurisdictions holding that courts may take judicial notice of the existence of city ordinances (Ex parte Davis, 115 Cal. 445, 447, 47 Pac. 258; Downing v. City of Miltonvale, 36 Kan. 740, 14 Pac. 281; Matter of Oliver, 21 S. C. 318, 323, 53 Am. Rep. 681), nevertheless, as was pointed out by my learned associate, Judge Wadhams, in People v. Cronin, 91 Misc. Rep. 342, 154 N. Y. Supp. 446, in which he ably discussed the precise subject under consideration, and in which he rejected the contention of the district attorney, the courts of this state may not take judicial notice of city ordinances. The following decisions are to the same effect: Porter v. Waring, 69 N. Y. 250; People ex rel. Langdon v. Dalton, 46 App. Div. 264, 61 N. Y. Supp. 263; People ex rel. Caridi v. Creelman, 150 App. Div. 746, 135 N. Y. Supp. 718; City of New York v. Knickerbocker Trust Co., 104 App. Div. 223, 230, 93 N. Y. Supp. 937; Harker v. Mayor, 17 Wend. 199, 200; Sachs v. Lyons, 53 Misc. Rep. 640, 103 N. Y. Supp. 149; People v. Miller, 38 Hun, 82, 85; People v. Casegeanda, 15 Misc. Rep. 325, 326, 37 N. Y. Supp. 768; People v. Bell, 148 N. Y. Supp. 753; City of Buffalo v. Stevenson, 145 App. Div. 117, 129 N. Y. Supp. 125; People v. Harris, 87 Misc. Rep. 266, 150 N. Y. Supp. 557.

If it were the intention of the Legislature to except Magistrates' Courts from the operation of section 941 of the Code of Civil Procedure in relation to the taking of proof as to the existence of a city ordinance, it would have so provided, either in that section or in some specific statute; but, as the Legislature has failed to make any such provision, the failure of the magistrate to take proof as to the existence of the ordinance referred to necessitates the reversal of the judgment of conviction against the defendant.

The judgment of conviction is reversed, and a new trial ordered.

Judgment reversed, and new trial ordered.